## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PATRICIA MAYER, *individually and on behalf of all others similarly situated*, | |
| Plaintiff, | Case No. 1:23-cv-03132 |
| v. | |
| MIDWEST PHYSICIAN ADMINISTRATIVE SERVICES, LLC, d/b/a DULY HEALTH AND CARE, | |
| Defendant. | |

## PLAINTIFF'S MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO REMAND

**ALMEIDA LAW GROUP LLC**
David S. Almeida (ARDC 6285557)
Elena A. Belov (*pro hac vice* forthcoming)
849 W. Webster Avenue
Chicago, Illinois 60614
(312) 576-3024 (phone)
david@almeidalawgroup.com
elena@almeidalawgroup.com

**STEPHAN ZOURAS, LLP**
James B. Zouras
Ryan F. Stephan
Teresa M. Becvar
Michael Casas
222 W. Adams St, Suite 2020
Chicago, Illinois 60606
312.233.1550
312.233.1560 f
jzouras@stephanzouras.com
rstephan@stephanzouras.com
tbecvar@stephanzouras.com
mcasas@stephanzouras.com

**TABLE OF CONTENTS**

TABLE OF CONTENTS..................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................. ii

INTRODUCTION ............................................................................................................. 1

CASE SUMMARY & PROCEDURAL HISTORY....................................................... 3

ARGUMENT .................................................................................................................... 4

   I.  DULY IS NOT A PARTY ENTITLED TO INVOKE THE FEDERAL OFFICER

      REMOVAL STATUTE. ....................................................................................... 4

     A.   Duly is Not Acting Under a Federal Officer.................................................. 4

     B.   Duly's Cited Authorities Are Inapposite. ...................................................... 7

     C.   No Nexus Exists Between Duly's Actions and Any Federal Authority. ........ 9

     D.   Duly Has Failed to Meet Its Burden to Show a "Colorable Federal Defense."............ 11

   II.  DULY FAILS TO MEET ITS BURDEN TO ESTABLISH FEDERAL JURISDICTION

      UNDER CAFA.................................................................................................... 13

   III. THE COURT SHOULD GRANT REMAND BECAUSE BOTH EXCEPTIONS UNDER

      CAFA APPLY..................................................................................................... 16

     A.   This Court Should Order Remand Under Section 1332(d)(4)(A). ............................. 16

       i.   Greater than two-thirds of the proposed class are Illinois citizens. ........................ 16

       ii.  Duly was an Illinois citizen during the relevant time period. ................................. 17

       iii. All injuries occurred in Illinois. .......................................................................... 17

     B.   The Court Should Order Remand Under §1332(d)(4)(B) of CAFA............................ 18

   IV. SHOULD THE COURT DECIDE NOT TO REMAND AT THIS TIME, PLAINTIFF

      REQUESTS LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY...................... 18

CONCLUSION................................................................................................................. 19

## <u>TABLE OF AUTHORITIES</u>

**<u>Cases</u>**                                                                                                                    **<u>Page(s)</u>**

*Bailey, v. Monsanto Co.*,
   176 F. Supp.3d 853 (E.D. Mo. 2016) ....................................................................... 7

*Baker v. Atl. Richfield Co.*,
   962 F.3d 937 (7th Cir. 2020) ...................................................................... 5, 9, 10

*Betzner v. Boeing Co.*,
   910 F.3d 1010 (7th Cir. 2018) ...................................................................... 4, 11

*Bond v. Veolia Water Indianapolis, LLC*,
   571 F. Supp.2d 905 (S.D. Ind. 2008) ...................................................................... 15

*Brill v. Countrywide Home Loans, Inc.*,
   427 F.3d 446 (7th Cir. 2005) ...................................................................... 14

*Buljic v. Tyson Foods, Inc.*,
   22 F.4th 730 (8th Cir. 2021) ...................................................................... 5, 9

*Citizens for Health v. Leavitt*,
   428 F.3d 167 (3d Cir. 2005) ...................................................................... 13

*Cosgrove v. Bartolotta*,
   150 F.3d 729 (7th Cir. 1998) ...................................................................... 15

*County of San Mateo v. Chevron Corp.*,
   32 F.4th 733 (9th Cir. 2022) ...................................................................... 7

*Doe I v. UPMC*,
   2020 WL 4381675 (W.D. Pa. Jul. 31, 2020) ...................................................................... 7

*Doe v. Allied-Signal, Inc.*,
   985 F.2d 908 (7th Cir.1993) ...................................................................... 13

*Doe v. BJC Health Sys.*,
   2023 WL 369427 (E.D. Mo. Jan 10, 2023), *appeal pending*, Case No. 23-1107
   (8th Cir. filed Jan. 19, 2023) ...................................................................... 3, 9

*Doe v. Hoag Mem. Pres. Hosp.*,
   2023 WL 3197716 (C.D. Cal. May 2, 2023) ...................................................................... 3, 9

*Doe v. ProMedica Health Sys., Inc.*,
   2020 WL 7705627 (N.D. Ohio Sept. 25, 2020) ...................................................................... 7, 8

*Hart v. FedEx Ground Package System, Inc.*,
　　457 F.3d 675 (7th Cir. 2006) ................................................................ 16, 18

*Heard v. Torrance Mem. Med. Ctr.*,
　　CV 22-09466, 2023 WL 2475544 (C.D. Cal. Mar. 13, 2023), *appeal pending*,
　　Case No. 23-55345 (9th Cir., filed Apr. 12, 2023) ................................ 3, 9

*In re Sprint Nextel Corp.*,
　　593 F.3d 669 (7th Cir. 2010) ................................................................ 17

*Luster v. JRE Fin., LLC*,
　　3:21-CV-00698-MAB, 2022 WL 255408 (S.D. Ill. Jan. 27, 2022) ............. 14, 15, 17

*Mackey v. Tower Hill Rehab., Ltd. Liab. Co.*,
　　569 F. Supp.3d 740 (N.D. Ill. 2021) ..................................................... 6

*Martin v. Petersen Health Oper., LLC*,
　　2021 WL 4313604 (C.D. Ill. Sept. 22, 2021), *aff'd*, 37 F.4th 1210 (7th Cir. 2022) ........ 9

*Preston v. Tenet Health, Mem. Med. Ctr., Inc.*,
　　485 F.3d 804 (5th Cir. 2007) ................................................................ 16

*Schur v. L.A. Weight Loss Ctrs., Inc.*,
　　577 F.3d 752 (7th Cir. 2009) ................................................................ 13

*Sorrell v. IMS Health Inc.*,
　　564 U.S. 552 (2011) ............................................................................. 13

*South Carolina Med. Ass'n v. Thompson*,
　　327 F.3d 346 (4th Cir. 2003) ................................................................ 13

Target Market Publish., Inc. v. ADVO, Inc.,
　　136 F. 3d 1139 (7th Cir. 1998) ............................................................. 14

Tylka v. Gerber Prods. Co.,
　　211 F.3d 445 (7th Cir. 2008) ................................................................ 14

*Watson v. Philip Morris Cos.*,
　　551 U.S. 142 (2007) ............................................................................. 4, 5, 6, 7

*Young v. Integrity Healt. Comm., LLC*,
　　513 F. Supp. 3d 1043 (S.D. Ill. 2021) ................................................... 18

**Statutes**

28 U.S.C. §1442 .................................................................................... 1, 4, 9

Class Action Fairness Act,
  28 U.S.C. §1332(d) ............................................................................................. *passim*

Illinois Consumer Fraud and Deceptive Business Practices Act,
  815 ILCS 505/1, *et seq.* ................................................................................................. 4

Illinois Eavesdropping Statute,
  720 ILCS 5/14-1, *et seq* ................................................................................................ 4

Illinois Uniform Deceptive Trade Practices Act,
  815 ILCS §§ 510/2, *et seq.* ........................................................................................... 4

Health Insurance Portability and Accountability Act
U.S.C. § 1320d-6 ............................................................................................................ 12

## **Regulations**

42 C.F.R. § 495.20 ......................................................................................................... 10

45 C.F.R. § 160.203 ....................................................................................................... 11

45 C.F.R. § 160.103 ....................................................................................................... 12

## **INTRODUCTION**

Plaintiff Patricia Mayer ("Plaintiff" or "Mayer") filed this action in the Circuit Court of Cook County to redress conduct perpetrated by Defendant Midwest Physician Administrative Services, LLC d/b/a Duly Health Care ("Defendant" or "Duly"). As Plaintiff alleges, Duly used tracking technologies to surreptitiously collect and disclose protected health information ("PHI") and other personally identifying information ("PII" and with PHI, "Private Information") of patients and others ("Users") who visit its website, www.dulyhealthandcare.com, as well as its MyChart Portal and mobile application (collectively, the "Web Properties"). Specifically, Duly embedded Facebook's tracking tools, the Meta Pixel and Conversions Application Programming Interface ("CAPI"), into the pages of its Web Properties to track users as they navigated those properties, logging which pages they visit, which buttons they click, the phrases and search queries entered into the general search bar, as well as their status as medical patients and other identifying information including their internet protocol ("IP") addresses. Plaintiff asserts representative claims, on behalf of an Illinois class, for violations of Illinois state law.

Citing the federal officer removal statute, 28 U.S.C. §1442(a)(1) and the Class Action Fairness Act, 28 U.S.C. §1332(d) ("CAFA"), Duly removed the case. But neither statute provides a basis for federal jurisdiction. First, the federal officer removal statute applies only to the United States government, its federal officers and agencies and those "directed" by its officers and agencies. But Duly is none of these things. And, Duly cannot establish that the government somehow required it to deploy tracking codes because no such directive exists. Defendant, moreover, cannot show it possesses any "duty to enforce a federal law" because no federal *duty* exists to develop patient portals nationwide for all patients and healthcare providers, much less a duty to embed tracking technologies to collect and to disclose users' Private Information to third-

1

party social media companies.

  <u>Second</u>, Duly's assertion that its conduct is somehow excused by virtue of its compliance with an unrelated statute, the Health Insurance Portability and Accountability Act ("HIPAA"), is equally unavailing. Plaintiff does not assert a claim under HIPAA and, more fundamentally, a finding that Defendant did not violate HIPAA would have absolutely no bearing on the viability of Plaintiff's statutory and common law claims under Illinois law.[1] Furthermore, Duly's passing mention of "federal preemption" is insufficient to support a finding that it can present a colorable federal defense to Plaintiff's claims.

  <u>Third</u>, Duly's novel and unrecognized argument that the First Amendment entitles it to collect and disclose the Private Information of its patients is both deeply misguided and directly contradicted by its own Privacy Statement, which promises that it "***will not share any information you provide to us through this web site with any other entity without your consent.***"[2]

  <u>Fourth</u>, Duly has failed to satisfy its burden to demonstrate that "minimal diversity" exists. Duly, which is incorporated in Illinois, has locations ***only*** in Illinois and is a citizen of Illinois, has utterly failed to satisfy its burden to establish that even a single member of the putative class is not a citizen of Illinois.

---

[1] Plaintiff is at a loss to understand why Defendant thinks HIPPA provides any defense, given that the Department of Health and Human Services' recent bulletin explicitly advises covered entities like Duly that they "are not permitted to use tracking technologies in a manner that would result in impermissible disclosures of PHI to tracking technology vendors or any other violations of the HIPAA Rules: [f]or example, disclosures of PHI to tracking technology vendors for marketing purposes, without individuals' HIPAA-compliant authorizations, would constitute impermissible disclosures." (Compl., ¶ 32.)

[2] *See* Terms of Use, https://www.dulyhealthandcare.com/terms-of-use (last visited June 16, 2023).

<u>Finally</u>, remand is required because this case squarely falls within the "local controversy" and "home state" exceptions codified in CAFA, which were crafted to exclude from federal jurisdiction class actions that are "essentially local in nature."

Given the strained basis under which Duly removed this matter, it is hardly surprising that at least three courts have—in recent months—rejected similar attempts by healthcare entities to manufacture federal jurisdiction by invoking the federal officer statute. *See Doe v. BJC Health Sys.*, 2023 WL 369427, at *4 (E.D. Mo. Jan 10, 2023), *appeal pending*, Case No. 23-1107 (8th Cir. filed Jan. 19, 2023) ("BJC is not assisting or helping a federal officer carry out her duties or tasks by creating a website and patient portal to allow patients online access to medical information (and allegedly transmitting their private data to third parties without their knowledge or consent.")); *Heard v. Torrance Mem. Med. Ctr.*, CV 22-09466, 2023 WL 2475544, at *2-3 (C.D. Cal. Mar. 13, 2023), *appeal pending*, Case No. 23-55345 (9th Cir., filed Apr. 12, 2023); *Doe v. Hoag Mem. Pres. Hosp.*, 2023 WL 3197716, at *2-3 (C.D. Cal. May 2, 2023). This Court should likewise remand this matter to the Circuit Court of Cook County.

## CASE SUMMARY & PROCEDURAL HISTORY

Plaintiff, an Illinois citizen, filed her Complaint in the Circuit Court of Cook County. *See* Notice of Removal ("NOR"), Ex. A, Dkt. 1-1 ("Complaint"). Defendant is an Illinois-company with over 150 locations throughout Illinois that offers all manner of primary, specialty and multi-disciplinary services. *See id.*, ¶¶ 38-39. Duly maintains and encourages its patients to use its Web Properties to book appointments, search for medical conditions and treatment options, communicate with providers and access lab and test results, among other things. *Id.*, ¶¶ 7-8. Duly does not disclose to users of its Web Properties that it tracks and shares their Private Information and activity with third parties, including Facebook. *Id.*, ¶¶ 27–28.

3

Plaintiff, on behalf of an Illinois class, asserts Illinois statutory and common law claims; specifically, for violations of the Illinois Eavesdropping Statute, 720 ILCS 5/14-1, *et seq.*, violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.*, violations of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §§ 510/2, *et seq.*, as well as common law claims for Breach of Confidence, Invasion of Privacy, Intrusion Upon Seclusion and Breach of Implied Contract. *See* Compl., ¶ 36. Defendant filed its Notice of Removal on May 18, 2023. *See* Dkt. 1.

## ARGUMENT

### I.    DULY IS NOT A PARTY ENTITLED TO INVOKE THE FEDERAL OFFICER REMOVAL STATUTE.

The "basic purpose" of the federal officer removal statute, 28 U.S.C. §1442(a)(1), "is to protect the Federal government from the interference with its operations" by state court actions and to not "deprive federal officials of a federal forum in which to assert federal immunity defenses." *Watson v. Philip Morris Cos.*, 551 U.S. 142, 142–43 (2007) (cleaned up). The party seeking to invoke federal jurisdiction bears the burden to establish that it "(i) is a person within the meaning of the statute, (ii) is acting under the United States, its agencies, or its officers, (iii) is acting under color of federal authority and (iv) has a colorable federal defense." *Betzner v. Boeing Co.*, 910 F.3d 1010, 1015 (7th Cir. 2018) (citations omitted). Except for showing it is a "person" within the meaning of §1442(a)(1), Duly has failed to establish any of the strict requirements necessary to invoke the federal officer removal statute.

### A.    Duly is Not Acting Under a Federal Officer.

Duly claims that its voluntary participation in the Government's Meaningful Use Program ("MUP"), including maintaining a patient portal, somehow means it is "acting under a federal officer." But well-established precedent holds otherwise. When a private entity is acting under a

federal officer or agency, "[t]hat relationship . . . involves subjection, guidance, or control." *Baker v. Atl. Richfield Co.*, 962 F.3d 937, 942 (7th Cir. 2020) (citation & internal quotation marks omitted). "[T]he private person's "acting under" must involve an effort to *assist*, or to help *carry out*, the duties or tasks of the federal superior… [b]ut the help or assistance necessary to bring a private person within the scope of the statute does *not* include simply *complying* with the law." *Id.* (cleaned up). Even where a private entity's "activities are highly supervised and monitored," that supervision and monitoring is not sufficient to confer jurisdiction under the federal officer removal statute. *See, e.g.*, *Watson*, 551 U.S. at 143. Thus, the private sector entity must be providing help to federal officers that goes "beyond simple compliance with the law" and helps the federal officers "fulfill other basic governmental tasks." *Baker*, 962 F.3d at 942.[3]

Creating a patient portal does ***not*** constitute a "basic governmental task" that the government would have otherwise carried out for Duly. Needless to state, the government does not develop patient portals for private, for-profit hospital systems, particularly those that surreptitiously collect and share their patients' Private Information with third-parties. Moreover, the government would not have otherwise performed the task of creating Duly's Web Properties and using the Pixel to gather and to share patients' Private Information with Facebook and others. The MUP merely *encourages* private entities *to promote patient engagement with electronic health*

---

[3]     Examples of "acting under" a federal officer include a private contractor providing a product the government needed or performing "a job that the government would otherwise have to perform[;]" a private health insurance provider providing insurance to federal employees, where it had been enlisted to "help the government fulfill the basic task of establishing a health benefits program for federal employees;" and a nonprofit community defender who represented "indigent federal defendants in part because it is delegated authority from the federal government and provides a service that the federal government would otherwise have to provide itself." *Buljic v. Tyson Foods, Inc.*, 22 F.4th 730, 739 (8th Cir. 2021) (internal quotation marks and citations omitted).

*records* through patient portals; it is not, itself, engaged in developing these patient portals, let alone collecting and disseminating private patient data.

Moreover, Defendant presents no evidence that it was "ordered or demanded by Federal authority" to establish a patient portal or its Website, which embedded the Pixel to gather data on patients. At most, the government may have *incentivized* entities within the healthcare industry (and, even though, not Defendant specifically) to establish a patient portal, but it certainly did not incentivize Duly to deploy tracking technologies much less *require* use of the Pixel.[4] In reality, the government created objectives for medical providers to reach in order to receive incentive payments, including the ability for patients to "view, download, or transmit" their health information online. NOR, ¶ 24. These objectives are not orders, demands or requirements and Duly was at all times free to decline to follow these objectives. Duly's voluntary participation in the program falls far short of demonstrating the type of "subjection, guidance, or control" or legal delegation of authority that is necessary to evidence that it was "acting under" a federal official. *See, e.g., Watson*, 551 U.S. at 147; *Mackey v. Tower Hill Rehab., Ltd. Liab. Co.*, 569 F. Supp.3d 740, 752 (N.D. Ill. 2021) ("The presence of federal guidelines and regulations does not mean that all participants in an industry may invoke the federal officer removal statute.").

In addition, removal is allowed "only if [a private person is] authorized to act with or for federal officers or agents in affirmatively executing duties under federal law," and for private persons who "lawfully assist" a federal officer in "the performance of his official duty." *Watson*, 551 U.S. at 151 (internal quotations & citations omitted). Absolutely no federal duty exists to

---

[4] The executive order from which Defendant's claimed federal authority originated is expressly titled "***Incentives*** *for the Use of Health Information Technology and Establishing the Position of the National Health Information Technology Coordinator*. *See* NOR, ¶ 18 (emphasis added).

develop patient portals nationwide for all patients and healthcare providers, much less a duty to do so while using tracking technologies to send Private Information to third-parties like Facebook using tracking technologies. Thus, Defendant's Web Properties and its use of the Pixel cannot be "so closely related to the government's implementation of its federal duties" that it "would face a significant risk of state-court prejudice," similar to what a federal employee might face in similar circumstances. *See also County of San Mateo v. Chevron Corp.*, 32 F.4th 733, 757 (9th Cir. 2022) (citing *Watson*, 551 U.S. at 152-154).

### B. Duly's Cited Authorities Are Inapposite.

Duly cites two cases concerning use of pixels by medical entities where the courts found defendants had shown they were "acting under" a federal officer. *See* NOR, ¶ 27, citing *Doe I v. UPMC*, 2020 WL 4381675 (W.D. Pa. Jul. 31, 2020), & *Doe v. ProMedica Health Sys., Inc.*, 2020 WL 7705627 (N.D. Ohio Sept. 25, 2020). Because both failed to apply the specific factors the Supreme Court directs trial courts to consider when conducting the "acting under analysis," other courts confronting the same issue have declined to follow them. *See, e.g.*, *Cnty. of San Mateo*, 32 F.4th at 756; NOR ¶ 28.

In *UPMC*, the court found the defendant hospital was "acting under" a federal officer because the hospital received government incentive payments for its participation in the Promoting Interoperability program and the plaintiffs' complaint was "directed at this relationship." *Id*. However, the mere receipt of government incentive payments is insufficient by itself to establish the "acting under" element. *See*, *e.g.*, *Bailey*, *v. Monsanto Co*., 176 F. Supp.3d 853, 870 (E.D. Mo. 2016) ("acting under" requirement was not met even though the government provided financial assistance to defendant). Also, the court's finding in *UPMC* that the plaintiffs' complaint was "directed at" the hospital's participation in the MUP was erroneous. Again, the MUP does not

7

encourage or condone hospitals' use of hidden third-party source code in patient portals and an action challenging this unlawful practice does not interfere with hospitals' participation in the program.[5]

The Northern District of Ohio's decision in *ProMedica* is similarly deficient as it merely adopted *UPMC* wholesale instead of engaging in an independent analysis of the issues. *See* 2020 WL 7705627. Thus, *ProMedica* is erroneous for the same reasons as *UPMC* and this Court should not adopt their reasoning. In fact, courts that have considered these issues since *UPMC* and *ProMedica* have squarely rejected their analysis upon a further inspection of the MUP. For example, in *Doe v. BJC Health System* the Eastern District of Missouri reasoned:

> I decline to follow the *UPMC* court's analysis as I am not persuaded that BJC's receipt of statutory incentive payments means that it is 'acting under' a federal officer for purposes of the federal officer removal statute. ***BJC is not assisting or helping a federal officer carry out her duties or tasks by creating a website and patient portal to allow patients online access to medical information (and allegedly transmitting their private data to third parties without their knowledge or consent).*** Despite the federal government's expressed desire to encourage 'the implementation of interoperable health information technology infrastructure,' the statute neither authorizes nor obligates the federal government to create such an infrastructure itself. '[W]hile the federal government may have an interest in ensuring [an interoperable health information technology infrastructure], it is typically not the duty or task of the federal government to [provide patients online access to medical information].' Therefore, it cannot be said that BJC's creation of a website and online patient portal fulfills a "basic government task" that the federal government itself would otherwise be required to carry out.

---

[5]     Compounding these errors, the *UPMC* court never analyzed how the hospital's voluntary participation in a federal program amounted to the delegation of a federal "duty" or "basic governmental task" or whether the government exerted subjection, guidance, or control over the hospital with respect to the hospital's creation of the patient portal. *See Watson*, 551 U.S. at 145; *Buljic*, 22 F.4th at 739.

2023 WL 369427, at *4 (E.D. Mo. Jan 10, 2023), *appeal pending*, Case No. 23-1107 (8th Cir. filed Jan. 19, 2023) (cleaned up) (citing *Buljic*, 22 F.4th at 740 (rejecting meat processors claim that it was "acting under" the direction of the federal government while operating its facility during the pandemic, "It cannot be that the federal government's mere designation of an industry as important—or even critical—is sufficient to federalize an entity's operations and confer federal jurisdiction"). Other federal courts, when faced with this exact same issue, have flatly rejected defendants' attempt to invoke the federal officer statute. *See, e.g.*, *Heard*, 2023 WL 2475544, at *2-3; *Hoag Mem. Pres. Hosp.*, 2023 WL 3197716, at *2-3. Unquestionably, Duly was not acting under a federal officer when it embedded the Pixel on its Web Properties.

## C. No Nexus Exists Between Duly's Actions and Any Federal Authority.

Because Duly has failed to meet its burden of proving by a preponderance of the evidence that it was "acting under" a federal officer, this Court need not determine whether a casual nexus exists between Plaintiff's claims and Duly's actions purportedly taken under the color of federal law. *See, e.g.*, *Martin v. Petersen Health Oper.*, *LLC*, 2021 WL 4313604, at *3 (C.D. Ill. Sept. 22, 2021), *aff'd*, 37 F.4th 1210 (7th Cir. 2022). Duly has also failed to establish that it was acting under the color of federal authority when it installed the Pixel on its Web Properties to disclose its patients' Private Information. In fact, Defendant's arguments, which are tenuous on their face, fly in the face of federal privacy laws.

To show causation, Duly must establish that the act that is the subject of Plaintiff's claims —here, the use of the Pixel to disclose Private Information—is derived from or related to Defendant's official federal duties. *See* 28 U.S.C. § 1442(a)(1); *Baker*, 962 F.3d at 945. Duly's Notice of Removal glosses over an obvious and fatal flaw—***this case has nothing to do with Duly's participation in the MUP***. Rather, this case is solely about Duly's egregious violations of

Illinois common and statutory law as a result of its surreptitious transmission of private and sensitive communications to third parties to increase revenues and, ultimately, profit.

Duly's unremarkable participation in the MUP does create a basis to invoke federal jurisdiction, any more than "a bona fide federal officer could not remove a trespass suit that occurred while he was taking out the garbage." *Baker*, 962 F.3d at 943 (citations omitted). Instead, Duly must establish a causal connection between its purported authority to promote the use of health information technology and sending patient confidential and protected health communications to Facebook, Google and other third parties. *See id.* ("there must be a causal connection between the charged conduct and asserted official authority") (internal quotation marks & citations omitted).

The MUP does not require, suggest or even mention the disclosure of patient information to third parties for advertising purposes. To the contrary, all of the federal officers and agencies Duly scapegoats for its own privacy violations have encouraged medical providers to adopt technologies that *protect* the privacy and security of patient data.[6] There is no rule or regulation mandating that a hospital share patient PHI or PII with third parties in order to increase patient knowledge through the use of a hospital website or patient portal. Nor is there anything in the "meaningful use" requirements that repeals HIPAA or any state privacy law that is more protective of privacy than HIPAA. Accordingly, Duly's disclosure of patients' Private Information without consent is not only unrelated to the MUP, but this practice ***expressly contradicts*** the objectives set forth by the very federal authority Duly claims to have been "acting under."[7]

---

[6]     *See*, *e.g.*, HIPAA Bulletin, note 1, *supra*.

[7]     42 C.F.R. § 495.20(j)(16)(i) (Objective) ("Protect electronic health information created or maintained by the Certified EHR Technology through the implementation of appropriate technical capabilities.")

Plaintiff's claims are not premised on how Duly is carrying out a duty delegated to it by the federal government but rather that it has committed specific, deliberate tortious acts never contemplated—let alone authorized—by the federal government. There is no evidence that Duly's transmissions to third parties were authorized, delegated or overseen by the government. Simply put, Duly did not embed the Pixel in its Web Properties without alerting Users to its tracking and disclosure capabilities because the government encouraged it to develop a portal to give patients access to online medical records and services; rather, it did so to maximize its profits at the expense of patient privacy.

### D. Duly Has Failed to Meet Its Burden to Show a "Colorable Federal Defense."

To qualify for removal, Defendant must also raise a colorable federal defense arising out of its duty to enforce federal law. *See, e.g.*, *Betzner*, 910 F.3d at 1015. Duly claims to have three federal "defenses": (i) HIPAA, which "turns on interpretation of federal law"; (ii) unidentified "federal law" that it says preempts Plaintiff's state law claims; and (iii) the First Amendment. None of these purported defenses are sufficient for removal and—unsurprisingly—Duly's claims to the contrary have been rejected by courts in analogous cases.

First, HIPAA does *not* provide Duly with a defense to Plaintiff's claims as it does not preclude state law causes of action based on unauthorized disclosure of patient health information. In fact, HIPAA preempts *contrary* state law provisions *unless* the state law provision "relates to the privacy of individually identifiable health information and is more stringent" than the standards set forth in the statute. *See* 45 C.F.R. § 160.203(b). Thus, even if Duly's surreptitious disclosures of PHI were permissible under HIPAA—they are not—Plaintiff may still pursue claims based on more stringent protections set forth in state law. And Plaintiff should be allowed to pursue those

11

causes of action in state court. HIPAA's role in this case is to merely inform Defendant's duties—it does not provide the legal *defense* for any cause of action.

Next, Defendant contends that "federal law" preempts Plaintiff's Illinois state law claims for alleged invasion of privacy without stating which federal law supposedly preempts those claims. *See* NOR, ¶¶ 40-41. This Court should not find such a vague statement of preemption to have established a "colorable federal defense" to Plaintiff's claims.[8]

Finally, Duly—rather brazenly—claims that it has a First Amendment right to collect and to disclose confidential Private Information to third-parties using various tracking technologies. *See* NOR, ¶¶ 42-43. Indeed, Duly's entire removal argument, taken together, appears to be that federal officer removal is warranted due to its compliance with a federal incentive and privacy-preserving program that unconstitutionally infringes on its First Amendment right to transmit patient data to Facebook and Google for its own financial gain. Duly's suggestion is wrong for two reasons. First, Duly—which holds itself out as a trusted healthcare provider in the community—does not have a First Amendment right to "disseminate" its patients' medical information to anyone, let alone Facebook and Google. It is beyond dispute that HIPAA prohibits the wrongful disclosure of individually identifiable health information. *See* 42 U.S.C. § 1320d-6; 45 C.F.R. § 160.103. This is not a novel concept and is explicitly incorporated in Duly's Privacy Statement: "[Duly] will not share any information you provide to us through this web site with any

---

[8]      If Defendant is claiming that removal is proper because its voluntary participation in the MUP conflicts with Plaintiff's state law claims, then Duly plainly has not met its burden. As explained above, the MUP is not a federal regulation that Duly *must* abide by; it is a *voluntary* incentive program that promotes patient engagement with electronic health records through patient portals. Moreover, the MUP does not require or even suggest the disclosure of patient information to third parties for advertising purposes, and that practice expressly contradicts the program's objectives. Defendant cannot establish that Plaintiff's state law claims and the MUP conflict in any way.

other entity without your consent."[9] Moreover, Duly's purported right to disclose Private Information to Facebook and Google cannot be reconciled with the federal government's effort to preserve patient privacy through the MUP.

Second, while Duly may believe that HIPAA's prohibitions against selling patient Private Information to Facebook and Google are unconstitutional, federal appellate courts do not; every one of them to consider similar First Amendment challenges have flatly rejected this "defense." *See, e.g.*, *South Carolina Med. Ass'n v. Thompson*, 327 F.3d 346, 355 n. 4 (4th Cir. 2003) ("summarily dispens[ing]" with a First Amendment challenge in a single sentence footnote, finding it "without merit"); *Citizens for Health v. Leavitt*, 428 F.3d 167, 184–85 (3d Cir. 2005) (finding "a First Amendment claim is an ill-suited challenge to the [HIPAA's] Amended Rule").[10]

## II.   DULY FAILS TO MEET ITS BURDEN TO ESTABLISH FEDERAL JURISDICTION UNDER CAFA.

CAFA grants federal courts original jurisdiction over a class action when: (i) "any member of a class of plaintiffs is a citizen of a State different from any defendant," (ii) "the number of members of all proposed plaintiff classes in the aggregate is" not less than one hundred (100) and (3) "the matter in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). In assessing CAFA's applicability, "federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state

---

[9]     *See* Terms of Use, https://www.dulyhealthandcare.com/terms-of-use (last visited June 16, 2023).

[10]     This likely explains why Duly's only support for its First Amendment defense comes from a case that had nothing to do with patient information. *See Sorrell v. IMS Health Inc.*, 564 U.S. 552, 570 (2011). Notably, the prescribing information at issue in *Sorrell* did not include any patient information. Therefore, nothing in *Sorrell* addresses—let alone permits—doctors to disclose patient information for marketing purposes.

court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009) (citing *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir.1993)).

Minimal diversity exists if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Duly's "jurisdictional allegations, standing alone, must establish that diversity jurisdiction exists [as courts] will not read between the lines or make assumptions regarding the citizenship of any party. *See, e.g.*, *Luster v. JRE Fin., LLC*, 3:21-CV-00698-MAB, 2022 WL 255408, at *4 (S.D. Ill. Jan. 27, 2022). Additionally, to determine whether a court has subject matter jurisdiction, it must receive information that as of the date of removal, there is at least one putative class member who has a different citizenship than the defendants. *Id.* at *5. Duly does not come close to satisfying these requirements.

Duly's attempt to remove this case under CAFA fails because it has not carried its burden of proving the existence of federal subject matter jurisdiction by "competent proof." *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2008); *see also Target Market Publish., Inc. v. ADVO, Inc.*, 136 F. 3d 1139, 1142 (7th Cir. 1998) ("Competent proof," means "proof to a reasonable probability that jurisdiction exists."); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447-49 (7th Cir. 2005).

First, Duly's assertion, that it has a "sole member" which is "DMG Illinois Investments II LLC, and through its corporate lineage Duly is a citizen of Illinois, Delaware, Arizona, California, and Indiana for diversity purposes," is totally unsupported. Duly offers no proof of its corporate structure; further, a search of the California business entities database does not reveal any records for DMG Illinois Investments II LLC.

Duly admits that it "is a limited liability company that maintains its principal place of business in Illinois." NOR, ¶ 50. Duly does not provide any evidence that it is a citizen of any other states nor that any member of the proposed class is not a citizen of Illinois. *See id.*, ¶¶ 50-53.

And, even if DMG Illinois Investments II LLC was a citizen of a state other than Illinois, it would have no bearing on Duly's citizenship for the purposes of CAFA. While an LLC's citizenship is the citizenship of its members for purposes of diversity jurisdiction, *see Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998), CAFA carves out a modification to this rule. Under CAFA jurisprudence, an LLC is an unincorporated association, and precedent is clear that its citizenship is determined by principal place of business and the state in which it was organized. *See, e.g.*, *Luster*, 2022 WL 255408, at *3 n.2; *Bond v. Veolia Water Indianapolis, LLC*, 571 F. Supp.2d 905, 909 (S.D. Ind. 2008) ("As part of CAFA, Congress chose to modify existing case law concerning the citizenship of unincorporated associations") (citing 28 U.S.C. § 1332(d)(10)). According to the Illinois corporate records database, Defendant is an Illinois corporation with its principal place of business in Illinois. *See* Exhibit 1 ("Duly Certificate of Good Standing"); *see also* NOR ¶ 50. Therefore, Duly is a citizen of Illinois for the purposes of removal requirements under CAFA.

Second, Duly has no evidence that a single proposed class member was not a citizen of Illinois, *at the time of removal*. Instead, Duly speculates that "college students and military personnel from any other state" who visited Duly's public website may fall within the scope of the proposed class. *Compare* NOR, ¶ 53, *with Luster*, 2022 WL 255408, at *3-4 (finding notice of removal deficient because even though defendant submitted evidence of citizenship for three putative class members at various times, it did not establish their citizenship at the time of

removal). Duly offers even less "evidence" of what the *Luster* court found insufficient; indeed, it has *none*.

## III. THE COURT SHOULD GRANT REMAND BECAUSE BOTH EXCEPTIONS UNDER CAFA APPLY.

Remand is warranted even if this Court finds that Duly sufficiently alleged federal jurisdiction because two exceptions under CAFA—both of a mandatory nature—prohibit a federal court from exercising jurisdiction over this action. That is, the "local controversy" and "home state" exceptions to CAFA bar federal courts from exercising jurisdiction when certain conditions are met, as is the case here. Duly, rather notably, does not address these issues in its NOR.

### A. This Court Should Order Remand Under Section 1332(d)(4)(A).

This case should be remanded under the "local controversy" exception to CAFA jurisdiction set out in 28 U.S.C. §1332(d)(4)(A) because CAFA excepts from federal jurisdiction class actions that are "essentially local in nature." *Hart v. FedEx Ground Package System, Inc.,* 457 F.3d 675, 677 (7th Cir. 2006); *Preston v. Tenet Health, Mem. Med. Ctr., Inc.*, 485 F.3d 804, 812 (5th Cir. 2007). As set forth below, each such condition is satisfied and this Court therefore decline to exercise jurisdiction.

#### i. *Greater than two-thirds of the proposed class are Illinois citizens.*

The first condition of the local controversy exception is met because the Complaint limits the Class to Illinois residents. *See* Compl., ¶¶ 212 & 37 (defining class & noting that Plaintiff is an Illinois resident). Each and every location of Duly is in Illinois. *See id.*, ¶ 39. Logically then, the vast majority of the Class is necessarily comprised of Illinois citizens. In fact, in order to avoid application of this exception to CAFA jurisdiction, this Court would have to assume, without any evidence, that greater than 1/3 of the Class—defined as residents of Illinois—were not citizens of Illinois at the time of removal. Given that **all** of Defendant's locations are within the State of

Illinois and are close to an hour away from other state lines, this is unfathomable.[11]  In light of

these irrefutable facts, it is all but impossible that more than 1/3 of Duly's patients (the class

members) are, in fact, citizens of other states. *See Luster*, 2022 WL 255408 at *7.  And Duly's

speculative assertions about non-Illinois citizens using its website are woefully inadequate, as the

Seventh Circuit has held.   *See In re Sprint Nextel Corp.*, 593 F.3d 669, 674 (7th Cir. 2010)

(discussing potential students and soldiers who may be citizens of the forum state, "it's hard to

believe that those non-domiciliaries are collectively more than a drop in the bucket when it comes

to class composition.").

### ii.      *Duly was an Illinois citizen during the relevant time period.*

The requirements of Section 1332(d)(4)(A)(i)(II)(aa)-(cc) are satisfied as well as it is

Plaintiff's use of Duly's Web Properties and its unauthorized disclosure of her and the Class

Members' Private Information that forms the factual basis for this lawsuit. *See* Compl., ¶¶ 11-29.

Duly is the sole defendant from whom relief is sought and whose conduct forms the basis for the

claims asserted. Public records evidence show that Duly has been incorporated in Illinois since

July 2011 and maintains its principal place of business in Illinois. *See* Ex. 1; *see also Luster*, 2022

WL 255408, at *3 n.2 ("precedent is clear that citizenship for an LLC under CAFA is determined

by principal place of business and the state in which it was organized.").

### iii.     *All injuries occurred in Illinois.*

To satisfy Section 1332(d)(4)(A)(i)(III), the principal injuries resulting from the alleged

conduct, or any related conduct of each defendant must have been incurred in the state in which

the action was originally filed. Here, this is necessarily true because the proposed Class consists

of only Illinois residents whose Private Information was shared by Duly, an Illinois entity, with

---

[11]         *See, e.g.*, https://www.dulyhealthandcare.com/locations (last visited June 16, 2023).

unauthorized third parties without their consent. *See* Compl., ¶ 212. Upon information and belief, its servers—which incorporated the Facebook Pixel to track Plaintiff's and Class Member Private Information—are located in Illinois, and all corporate and legal decisions concerning Duly's use of the Facebook Pixel were made in Illinois. Finally, Section 1332(d)(4)(A)(ii) is satisfied because, to Plaintiff's knowledge, no other class action lawsuits have been filed. Because all other conditions are satisfied, the entirety of this case must be remanded to the Circuit Court of Cook County, Illinois pursuant to the mandatory remand exception to CAFA jurisdiction.

## B. The Court Should Order Remand Under §1332(d)(4)(B) of CAFA.

Additionally, the Court should remand this case under the "home state" exception which requires a district court to decline jurisdiction if "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). Because the home-state exception, unlike the local-controversy exception, is framed entirely in terms of the parties' citizenship, the same arguments presented in Section III-A, subsections i-iii *supra* regarding two-thirds of the proposed class and Defendant being citizens of Illinois, apply here. Because this mandatory exception is satisfied, the Court should remand this case.

## IV. SHOULD THE COURT DECIDE NOT TO REMAND AT THIS TIME, PLAINTIFF REQUESTS LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY

Should the Court require additional evidence on the citizenship of the members of the Class, Plaintiff requests leave to conduct expedited jurisdictional discovery. *See, e.g.*, *Hart*, 457 F.3d at 682 (a plaintiff seeking to establish an exception to CAFA has the right, through appropriate discovery, to explore the facts relevant to the court's jurisdiction); *Young v. Integrity Healt. Comm., LLC*, 513 F. Supp. 3d 1043, 1053 (S.D. Ill. 2021) (noting that, in deciding whether to allow jurisdictional discovery courts look to two factors: (i) whether plaintiff has made a sufficient

showing that the exception likely applies and (ii) whether the requested class information is "readily available" to the defendant). Here, Plaintiff has presented sufficient evidence that both exceptions under CAFA apply. *See* Section III, subsections A-B, *supra*. And, because Duly is a healthcare system (with over 1,000 medical providers) that keeps detailed records on its patients, information relevant to proposed class members is readily available to it. At a minimum, Duly can provide samples of patients' contact information so that the parties can conduct further discovery, by way of affidavits or survey responses clarifying those Class Members' citizenship.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Honorable Court to enter an order remanding this matter to the Circuit Court of Cook County, Illinois and granting all such further and additional relief as it deems equitable and just. In the alternative, Plaintiff requests leave to take jurisdictional discovery related to this Court's jurisdiction under CAFA.

Date: June 16, 2023

Respectfully Submitted,

By: */s/ James B. Zouras*

**ALMEIDA LAW GROUP, LLC**
Firm ID 100530
David S. Almeida (ARDC 6285557)
Elena A. Belov (*Pro Hac Vice* forthcoming)
849 W. Webster Avenue
Chicago, Illinois 60614
(312) 576-3024 (phone)

**STEPHAN ZOURAS, LLP**
James B. Zouras
Ryan F. Stephan
Teresa M. Becvar
Michael Casas
222 W. Adams St, Suite 2020
Chicago, Illinois 60606
312.233.1550
312.233.1560 f

## CERTIFICATE OF SERVICE

I, the attorney, hereby certify that on June 16, 2023, I filed the attached with the Clerk of the Court using the ECF system, which will send such filing to all attorneys of record.

*/s/ James B. Zouras*