**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| PATRICIA MAYER, CATHERINE MASSARELLI, and MARY MURPHY, *individually and on behalf of all others similarly situated*, | Case No. 1:23-cv-03132 |
| Plaintiffs, | Hon. April M. Perry |
| v. | United States District Court Judge |
| MIDWEST PHYSICIAN ADMINISTRATIVE SERVICES, LLC d/b/a DULY HEALTH AND CARE, | |
| Defendant. | |

**PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT**

David S. Almeida
Britany A. Kabakov
**ALMEIDA LAW GROUP LLC**
849 W. Webster Avenue
Chicago, Illinois 60614
Tel.: (708) 529-5418
david@almeidalawgroup.com
britany@almeidalawgroup.com

James B. Zouras
Ryan F. Stephan
Teresa M. Becvar
Michael J. Casas
**STEPHAN ZOURAS LLC**
222 W. Adams St., Suite 2020
Chicago, Illinois 60606
Tel: (312) 233-1550
jzouras@stephanzouras.com
rstephan@stephanzouras.com
tbecvar@stephanzouras.com
mcasas@stephanzouras.com

*Counsel for Plaintiffs & the Proposed Settlement Class*

## TABLE OF CONTENTS

INTRODUCTION ......................................................................................................... 1

BACKGROUND .......................................................................................................... 3

SUMMARY OF THE PROPOSED SETTLEMENT ................................................... 4

    I.    The Settlement Class. ......................................................................................... 4

    II.   Settlement Class Member Benefits under the Settlement. ................................... 5

    III.  Settlement Administration & Notice to the Class. ............................................... 5

    IV.  The Claims Procedure, Objections & Opt-Outs. ................................................ 6

    V.   Scope of the Release. .......................................................................................... 8

    VI.  Claims Administration Costs & Attorneys' Costs, Expenses, and Fees. ........................... 8

LEGAL STANDARD ................................................................................................... 9

DISCUSSION ............................................................................................................. 10

    I.    The Settlement Class Should be Certified for Settlement Purposes. ................................ 10

       A.   The Settlement Class Satisfies the Requirements of Rule 23(a). .................................. 10

           1.   Settlement Class Members are so numerous that joinder of all is impracticable. .... 10

           2.   There are questions of law & fact common to the Settlement Class. .......................11

           3.   The Class Representatives' claims are typical of Class Members' claims. .............. 12

           4.   The proposed Class Representatives will adequately protect the interests of the Settlement Class. .......................................................................................................... 13

       B.   The Settlement Class meets the Requirements of Rule 23(b). ...................................... 14

           1.   Common questions of law & fact predominate over any questions affecting only individual members of the Settlement Class. ....................................................................... 14

           2.   A class action is superior to other methods for the fair & efficient adjudication of the controversy. ...................................................................................................................... 15

    II.   The Settlement meets the requirements for Preliminary Approval under Rule 23(e)(2).. 16

       A.   The proposed Class Representatives & Class Counsel have adequately represented the Settlement Class. ...................................................................................................... 16

       B.   The Settlement was reached through arm's-length negotiations. ................................... 17

       C.   The Settlement has no obvious deficiencies and does not grant preferential treatment to any Settlement Class Members. .............................................................................................. 18

           1.   The costs, risks and delay of trial & appeal are considerable. ................................... 19

           2.   The proposed method of distributing relief and processing claims is objective, efficient, and fair. ............................................................................................................... 20

           3.   Attorneys' Costs, Fees, and Expenses as well as Service Awards that the proposed Class Representatives will request are reasonable and appropriate. ................................. 20

           4.   Disclosure of side agreements. ................................................................................. 21

D.   The Settlement treats Class Members equitably relative to each other. ....................... 21

III.   The Court should approve the proposed Notice Program................................................. 22

IV.   The Court should approve the Settlement Administrator.................................................. 23

V.   The Court should schedule a Final Approval Hearing..................................................... 23

CONCLUSION............................................................................................................................ 23

# TABLE OF AUTHORITIES

## <u>Cases</u>

*Chandler v. S.W. Jeep–Eagle, Inc.*,
162 F.R.D. 302 (N.D. Ill. 1995) ........................................................................ 10, 14

*Edmondson v. Simon*,
86 F.R.D. 375 (N.D. Ill. 1980) ................................................................................11

*Frasco v. Flo Health, Inc.*,
2024 WL 4280933 (N.D. Cal. Sept. 23, 2024) ......................................................... 19

*Gaspar v. Linvatec Corp.*,
167 F.R.D. 51 (N.D. Ill. 1996) ................................................................................11

*Gomez v. St. Vincent Health, Inc.*,
649 F.3d 583 (7th Cir. 2011) ................................................................................. 13

*Hinman v. M & M Rental Ctr.*,
545 F. Supp. 2d 802 (N.D. Ill. 2008) ...................................................................... 15

*In re Advocate Aurora Health Pixel Litig.*,
740 F. Supp. 3d 736 (E.D. Wis. 2024) .................................................................11, 18

*In re Anthem, Inc. Data Breach Litig.*,
327 F.R.D. 299 (N.D. Cal. 2018) ............................................................................ 14

*In re AT&T Mobility Wireless Data Servs. Sales Litig.*,
270 F.R.D. 330 (N.D. Ill. 2010) ......................................................................... 16, 22

*In re Cap. One Tel. Consumer Prot. Act Litig.*,
80 F. Supp. 3d 781 (N.D. Ill. 2015) ........................................................................ 19

*In re Fluidmaster, Inc., Water Connector Components Prod. Liab. Litig.*,
2017 WL 1196990 (N.D. Ill. Mar. 31, 2017) ........................................................... 10

*In re Novant Health, Inc.*,
2024 WL 3028443 (M.D.N.C. June 17, 2024) .......................................................... 19

*In re Tiktok, Inc. Consumer Priv. Litig.*,
617 F. Supp. 3d 904 (N.D. Ill. 2022) ...................................................................... 20

*In re TikTok, Inc., Consumer Priv. Litig.*,
565 F. Supp. 3d 1076 (N.D. Ill. 2021) ..................................................................... 14

*In re TJX Cos. Retail Sec. Breach Litig.*,
  246 F.R.D. 389 (D. Mass. 2007) ........................................................................ 19

*Isby v. Bayh*,
  75 F.3d 1191 (7th Cir. 1996) .............................................................................. 9

*Mace v. Van Ru Cred. Corp.*,
  109 F.3d 338 (7th Cir. 1997) ............................................................................ 15

*Mangone v. First USA Bank*,
  206 F.R.D. 222 (S.D. Ill. 2001) ........................................................................ 17

*McCue v. MB Fin., Inc.*,
  2015 WL 1020348 (N.D. Ill. Mar. 6, 2015) ...................................................... 9

*Mullane v. Cent. Hanover Bank & Tr. Co.*,
  339 U.S. 306 (1950) .......................................................................................... 22

*Muro v. Target Corp.*,
  580 F.3d 485 (7th Cir. 2009) ............................................................................ 12

*Orr v. Shicker*,
  953 F.3d 490 (7th Cir. 2020) ............................................................................ 13

*Pella Corp. v. Saltzman*,
  606 F.3d 391 (7th Cir. 2010) ............................................................................ 14

*Phillips Petroleum Co. v. Shutts*,
  472 U.S. 797 (1985) .......................................................................................... 15

*Rosario v. Livaditis*,
  963 F.2d 1013 (7th Cir. 1992) ..................................................................... 12, 14

*Schulte v. Fifth Third Bank*,
  805 F. Supp. 2d 560 (N.D. Ill. 2011) ................................................................ 22

*Swanson v. Am. Consumer Indus., Inc.*,
  415 F.2d 1326 (7th Cir. 1969) .......................................................................... 10

*T.K. v. Bytedance Tech. Co.*,
  2022 WL 888943 (N.D. Ill. Mar. 25, 2022) ................................................. 16, 17

*Wal-Mart Stores, Inc. v. Dukes*,
  564 U.S. 338 (2011) ...................................................................................... 11, 13

iv

*Woestman v. Signode Indus. Grp., LLC*,
    594 F. Supp. 3d 993 (N.D. Ill. 2022) ........................................................................................... 10

## **Rules**

Fed. R. Civ. P. 12................................................................................................................................. 3

Fed. R. Civ. P. 23....................................................................................................................... *passim*

Plaintiffs Patricia Mayer, Catherine Massarelli, and Mary Murphy, on behalf of themselves and all others similarly situated, through undersigned counsel, submit this Memorandum of Law in Support of their Unopposed Motion for Preliminary Approval of Class Action Settlement. Plaintiffs respectfully request that this Honorable Court grant preliminary approval of the proposed class action settlement under Federal Rule of Civil Procedure 23.[1] Defendant Midwest Physician Administrative Services, LLC d/b/a Duly Health and Care ("Duly" or "Defendant" and collectively with Plaintiffs, the "Parties") does not oppose the relief sought by this Motion.

## **INTRODUCTION**

Plaintiffs commenced this putative class action lawsuit by filing a complaint asserting various statutory and common law claims based on their allegations that Defendant installed, configured, and used the Meta Pixel and Meta Conversions API (collectively, the "Tracking Tools") on its website to collect and to divulge personal information. Following a motion to dismiss order granting in part and denying in part Defendant's motion to dismiss Plaintiffs' Complaint, the Parties engaged in informal discovery. The Parties subsequently agreed to participate in a full-day mediation in June 2025. Thereafter, the Parties exchanged additional information, prepared mediation statements, and participated in a full-day mediation presided over by Bruce A. Friedman, *Esq.* of JAMS on June 18, 2025.

Following some follow-up discussions, the Parties were able to reach an agreement in principle to resolve this case on a class-wide basis. If approved, the Settlement will provide significant monetary benefits as Defendant will establish a $1,880,000.00 non-revisionary common fund which—after deducting for all Court-approved costs, expenses, and awards—will

---

[1] A proposed Preliminary Approval Order is attached as <u>Exhibit D</u> to the Settlement Agreement.

be distributed to the Settlement Class Members on a pro rata basis.[2] Throughout the pendency of the case, Defendant has disputed and continues to dispute the merits of Plaintiffs' claims. Foregoing years of potentially protracted litigation and instead receiving monetary remuneration in the near term is an excellent result for Settlement Class Members. The proposed Settlement is within the range of reasonableness and warrants the provision of class notice so that Settlement Class Members may be apprised as to the terms of the Settlement and weigh in with their responses, which undersigned Class Counsel expect to be overwhelmingly positive.

Given the strength and overall fairness of this Settlement, Plaintiffs respectfully request that this Court: (i) preliminarily approve the Settlement as fair, adequate, reasonable, and within the reasonable range of possible final approval; (ii) appoint Plaintiffs Patricia Mayer, Catherine Massarelli, and Mary Murphy as Class Representatives; (iii) appoint David S. Almeida, *Esq.* and Britany A. Kabakov, *Esq.* of Almeida Law Group LLC and James B. Zouras, *Esq.* and Michael J. Casas, *Esq.* of Stephan Zouras LLC as Class Counsel; (iv) provisionally certify the Settlement Class under Federal Rule of Civil Procedure 23(a) and (b)(3) for settlement purposes only; (v) approve the Parties' proposed notice program and confirm that it is appropriate notice that satisfies due process and Rule 23; (vi) schedule a Final Approval Hearing; and (vii) set deadlines for Settlement Class Members to submit claims and to object to or exclude themselves from the Settlement.

---

[2] Unless otherwise indicated, capitalized terms refer to and have the same meaning as those set forth in the Settlement Agreement ("Settlement Agreement" or "S.A."), which is attached as Exhibit 1.

## BACKGROUND

On April 10, 2023, plaintiff Patricia Mayer filed her putative Class Action Complaint in the Circuit Court of Cook County, Illinois County Department, Chancery Division, alleging claims for violation of the Illinois Eavesdropping Statute; violation of the Illinois Consumer Fraud and Deceptive Business Practices Act; violation of the Illinois Uniform Deceptive Trade Practices Act; breach of confidence; invasion of privacy intrusion upon seclusion; and breach of implied contract. On May 18, 2023, Defendant removed the state court case to the United States District Court for the Northern District of Illinois captioned *Mayer v. Midwest Physician Administrative Services, LLC*, 1:23-cv-03132. *See* Dkt. No. 1. On March 1, 2024, plaintiff Patricia Mayer, along with newly added plaintiffs Catherine Massarelli and Mary Murphy, amended the complaint and added a claim for violation of the Electronic Communications Privacy Act. *See* Dkt. Nos. 33 & 34 (the "Amended Complaint").

On April 1, 2024, Defendant filed a Motion to Dismiss Plaintiffs' Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). *See* Dkt. Nos. 39 & 40. On April 30, 2024, Plaintiffs filed their Opposition to Defendant's Motion to Dismiss. *See* Dkt. No. 44. On May 15, 2024, Defendant filed its Reply. *See* Dkt. No. 45. On March 31, 2025, Judge Perry issued a Memorandum and Opinion and Order granting in part and denying in part Defendant's Motion to Dismiss. *See* Dkt. No. 57. The Court denied Defendant's motion with respect to Plaintiffs' claims for violation of the Electronic Communications Privacy Act and negligence. Thereafter, the case was referred to the Honorable Jeannice W. Appenteng for discovery supervision. *See* Dkt. No. 62. Before formal discovery commenced, the Parties engaged in informal settlement discussions and ultimately agreed to mediate before the Mr. Bruce A. Friedman, *Esq.* of JAMS Mediation, Arbitration, and

ADR Services in June 2025. As a result, Judge Appenteng granted the Parties' joint motion to stay discovery pending mediation on May 22, 2025. *See* Dkt. No. 66.

On June 18, 2025, the Parties engaged in a full-day mediation before Mr. Friedman but were unable to reach a settlement in principle. *See* <u>Exhibit 2</u>, Joint Declaration of Counsel ("Joint Decl.") ¶ 12. Over the next three months, the Parties continued to negotiate the terms of the settlement until an agreement in principle was reached on September 10, 2025. *Id.* ¶ 13. Thereafter, the Parties worked cooperatively to finalize a comprehensive written settlement agreement, which the Parties executed on November 13, 2025, and which is submitted herein.

## SUMMARY OF THE PROPOSED SETTLEMENT

As detailed herein, the proposed Settlement provides a straightforward claims process by which Settlement Class Members may obtain an award from the Settlement, exclude themselves, or object. In exchange for monetary and non-monetary benefits, the Settlement Class Members will release any and all claims against Defendant arising from or related in any way to the claims that have been brought or could have been brought in the Litigation.

### I. The Settlement Class.

Plaintiffs propose, for settlement purposes only, that this Court certify the Settlement Class, defined as: "all individuals who logged into the authenticated portion of Duly's Website, https://www.dulyhealthandcare.com/, from July 24, 2020 to April 10, 2023." S.A. ¶ 1.39. The Settlement Class consists of approximately 272,373 members. *Id.*; *see also* Joint Decl. ¶¶ 5, 32. A Settlement Class Member is any person who falls within the definition of the Settlement Class. S.A. ¶ 1.40. The Settlement Class shall not include Defendant, its affiliates, parents, subsidiaries, officers, directors, and the judge(s) presiding over this matter and their clerk(s). *Id.* ¶ 1.39.

## II.     Settlement Class Member Benefits under the Settlement.

The Settlement provides Class Members with timely and tangible benefits targeted at remediating the specific harms they allegedly suffered using Defendant's Website as detailed in the Amended Complaint. The monetary benefits of the Settlement are available to all Settlement Class Members through the $1,880,000.00 Settlement Fund to be funded by Defendant. S.A. ¶ 2.1.

## III.     Settlement Administration & Notice to the Class.

Subject to court approval, the Parties have jointly selected and retained Kroll Settlement Administration, LLC ("Kroll")[3] to serve as the Settlement Administrator. S.A. ¶ 1.36. Kroll is extremely experienced in administering data privacy and security class action settlements. *See* Declaration of Patrick M. Passarella of Kroll Settlement Administration, LLC in Connection With Preliminary Approval of Settlement ("Passarella Decl.") (attached hereto as Exhibit 3).

Defendant represents that it possesses contact information for the Settlement Class Members. In accordance with the Settlement Agreement, Defendant shall provide the Settlement Administrator with the names as well as last known email address and/or last known home address for each Settlement Class Member within thirty (30) days of the Court's entry of an order granting preliminary approval of the Settlement. S.A. ¶ 4.2. The Settlement Administrator shall then send the Short-Form Notice to all Settlement Class Members within forty-five (45) days following the entry of the Preliminary Approval Order. *Id*. ¶ 4.3. Notice shall be provided by email to the greatest extent possible. *Id*. ¶ 4.4. To the extent that an email address is not available for a Settlement Class Member, notice shall be provided by USPS regular mail. *Id*. In addition, the Settlement Administrator shall create a dedicated Settlement Website within forty-five (45) days following

---

[3] The Settlement Agreement appoints "Kroll, LLC" as the Settlement Administrator. Kroll, LLC is the parent company of Kroll Settlement Administration, LLC. Kroll Settlement Administration is the actual Settlement Administrator in this case.

the entry of the Preliminary Approval Order, which shall contain important documents regarding the case, including, but not limited to, the Amended Complaint, Short-Form Notice, Long-Form Notice, and the Claim Form so that Claims may be submitted online. *Id*. ¶¶ 1.42, 4.5.

### IV.   The Claims Procedure, Objections & Opt-Outs.

In order to receive a Claim Payment, all Settlement Class Members need to do is complete and submit a valid, timely, and signed Claim Form. S.A. ¶ 3.3. Claim Forms shall be returned or submitted to the Settlement Administrator online (on the Settlement Website) or via U.S. mail, postmarked by the Claims Deadline set by the Court. *Id*. Claims Forms that are not postmarked by the Claims Deadline set by the Court will be barred unless such claim is otherwise approved by the Court at the Final Approval Hearing. *Id*. The Settlement Administrator will review and evaluate all Claims and shall determine their validity, timeliness, and completeness. *Id*. ¶ 3.4.

Beginning thirty (30) days after the Effective Date, the Settlement Administrator shall provide a pro rata digital payment or mailed check to each Claimant that has submitted a Claim Form approved by the Settlement Administrator or by the Court. *Id*. ¶ 3.5. The Settlement Administrator shall distribute the Settlement Fund after accounting for payment of the Claims Administration Costs, the Attorneys' Costs, Expenses, and Fees, and the Plaintiffs' Service Awards. *Id*. The amount of each individual Claim Payment shall equal the *pro rata* share of the monies remaining in the Settlement Fund after the payment of the Claims Administration Costs, the Attorneys' Costs, Expenses, and Fees, and the Plaintiffs' Service Awards. *Id*. All Claim Payments shall be void if not negotiated within ninety (90) calendar days of their date of issue and shall contain a legend to that effect. *Id*.

If any Claim Payment is returned to the Settlement Administrator as undeliverable, the Settlement Administrator shall make all reasonable efforts to find a valid address and resend the

6

Claims Payment within thirty (30) days after the payment is returned as undeliverable. *Id*. ¶ 3.6. Importantly, no portion of the Net Settlement Fund will revert or be repaid to Defendant. *Id*. ¶ 3.7. Any monies that remain in the Net Settlement Fund more than one hundred and twenty (120) Days after the distribution of the Claims Payments shall be sent to one or more court-approved organizations as a *cy pres* distribution. *Id.* The Parties will jointly recommend to the Court the entity or entities that will be recipients of the *cy pres* distribution. *Id*.

Settlement Class Members may exclude themselves from participating in the Settlement by postmarking a written notice of opt-out to the Settlement Administrator no later than the Opt-Out Date, which is sixty (60) days after the Notice Date. *Id*. ¶¶ 1.23, 1.24 & 5.1. This notice must clearly manifest the Settlement Class Member's intent to be excluded from the Settlement Class. *Id*. ¶ 5.2. Any person who submits a valid and timely notice of their intent to be excluded from the Settlement Class shall not receive any benefits nor be bound by the Settlement's terms and conditions. *Id*. ¶ 5.1.

Settlement Class Members may object to the Settlement by submitting their objection, in writing and by mail to the Court, Class Counsel, and Defendant's Counsel no later than sixty (60) days after the Notice Date. *Id*. ¶¶ 1.24, 6.1 & 6.3. Each objection must (i) set forth the Settlement Class Member's full name, current address, telephone number and email address; (ii) contain proof that the Settlement Class Member is a member of the Settlement Class (e.g., with a Class Member ID); (ii) state whether the Settlement Class Member objects to the Settlement, in whole or in part; (iv) set forth a statement of the legal and factual basis for the Objection; (v) provide copies of any documents that the Settlement Class Member wishes to submit in support of his/her position; (vi) identify all counsel representing the Settlement Class Member, if any; (vii) contain the signature of the Settlement Class Member's duly authorized attorney or other duly authorized

representative, along with documentation setting forth such representation; (viii) contain a list, including case name, court and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement in the past three (3) years; and (iv) contain the Settlement Class Member's original signature. *Id*. ¶ 6.2. If a Settlement Class Member fails to timely file and to serve an Objection pursuant to these requirements, the Objection will not be valid. *Id*. ¶ 6.5.

### V. <u>Scope of the Release.</u>

To receive Settlement Benefits, Plaintiffs and Settlement Class Members agree to release Defendant and affiliated entities from all past, present, and future claims and causes of action asserted or that could have been asserted, or that arise out of or are connected to the Litigation. S.A. ¶ 7.2. Subject to Court approval, as of the Effective Date, Plaintiffs and Settlement Class Members who do not timely and validly opt-out of the Settlement shall be bound by the Settlement Agreement and Release, and the Released Claims shall be dismissed with prejudice and released. This includes the release of Unknown Claims that could have been raised. *Id*. ¶ 7.1.

### VI. <u>Claims Administration Costs & Attorneys' Costs, Expenses, and Fees.</u>

As part of the Settlement, Defendant agrees to pay the costs and expenses incurred through Claims Administration including, but not limited to, the costs of notice to the Settlement Class with such costs to come out of the Settlement fund. S.A. ¶ 3.1. The Settlement Agreement also provides that Class Counsel may request an award of reasonable Attorneys' Costs, Expenses, and Fees not to exceed one-third of the Settlement Fund. *Id*. ¶ 8.1.

In addition, the Settlement Agreement permits Class Counsel to request approval of a Service Award of $2,500.00 for each Plaintiff, which recognizes their efforts and commitment on behalf of the Settlement Class. *Id*. ¶ 8.2. Class Counsel will move separately for approval of an award of attorneys' fees not to exceed one third of the Settlement Fund, reasonable litigation

expenses not to exceed $25,000.00, and the Service Awards no later than fourteen (14) days before the Final Approval Hearing Date. *Id*. ¶ 8.3. Counsel for the Parties did not discuss or otherwise agree upon the amount of Attorneys' Costs, Expenses, and Fees or Plaintiffs' proposed Service Awards to be sought until after they agreed on all material terms of relief to the Settlement Class. *See* Joint Decl. ¶ 50.

## LEGAL STANDARD

Federal Rule of Civil Procedure 23(e) requires judicial approval of any proposed class action settlement. Specifically, Rule 23(e)(1)(B) directs a court to grant preliminary settlement approval and direct notice to the proposed class if the court "will likely be able to" grant final approval under Rule 23(e)(2) and "will likely be able to" certify a settlement class for purposes of entering judgment. Fed. R. Civ. P. 23(e)(1)(B). Courts "naturally favor the settlement of class action litigation." *Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996). Moreover, courts specifically "encourage parties to settle class actions early, without expending unnecessary resources" as "early settlement allows class members to recover without unnecessary delay and allows the judicial system to focus resources elsewhere." *McCue v. MB Fin., Inc*., 2015 WL 1020348, at *2 (N.D. Ill. Mar. 6, 2015) (quotation omitted).

Rule 23(e)(2) lists the factors federal courts consider in determining whether proposed class action settlement is "fair, reasonable, and adequate." Those factors are whether:

(A)     The class representatives and class counsel have adequately represented the class;

(B)     The proposal was negotiated at arm's length;

(C)     The relief provided for the class is adequate, taking into account;

    (i)     The costs, risks, and delay of trial and appeal;

    (ii)     The effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

      (iii)    The terms of any proposed award of attorneys' fees, including timing of payment; and

      (iv)    Any agreement required to be identified under Rule 23(e)(3) and

    (D)    The proposal treats class members equitably relative to each other.

Fed. R. Civ. P.23(e)(2). As the Advisory Committee's note explains, subsections (A) and (B) focus on the "procedural" fairness of a settlement and (C) and (D) focus on the "substantive" fairness of the settlement. Fed. R. Civ. P. 23(e)(2) advisory committee's note to 2018 amendments. Here, the Court should grant preliminary approval because it "will likely be able to" grant final approval to the Settlement as "fair, reasonable, and adequate" and certify the Settlement Class for purposes of entering judgment after notice and a final approval hearing.

## DISCUSSION

### I.    The Settlement Class Should be Certified for Settlement Purposes.

To determine whether the Court will likely be able to certify the Settlement Class for purposes of entering judgment on the Settlement, the Court looks to the requirements of Rule 23(a) (numerosity, commonality, typicality, and adequacy) and the requirements of any subsection of Rule 23(b), here subsection (b)(3) (predominance and superiority). For the reasons set forth below, the Settlement Class satisfies all the necessary requirements for certification.

### A.  The Settlement Class Satisfies the Requirements of Rule 23(a).

#### 1.  Settlement Class Members are so numerous that joinder of all is impracticable.

Rule 23(a)(1) requires that "the class be so numerous that joinder of all members is impracticable." Numerosity does not require a fixed number of class members but is generally presumed where a class consists of at least forty members. *See, e.g.*, *Swanson v. Am. Consumer Indus., Inc.*, 415 F.2d 1326, 1333 n.9 (7th Cir. 1969) (finding forty to be "a sufficiently large

group"); *Woestman v. Signode Indus. Grp.*, *LLC,* 594 F. Supp. 3d 993, 997 (N.D. Ill. 2022) (similar); *Chandler v. S.W. Jeep–Eagle, Inc.*, 162 F.R.D. 302, 307-08 (N.D. Ill. 1995) (finding fifty class members satisfy numerosity). Impracticable does not mean impossible, "but rather, extremely difficult and inconvenient. When determining whether joinder is impracticable, the court considers not only the size of the class, but also its geographic dispersion, the relief sought, and the ability of individuals to bring their own claims." *In re Fluidmaster, Inc., Water Connector Components Prod. Liab. Litig.*, 2017 WL 1196990, at *46 (N.D. Ill. Mar. 31, 2017) (cleaned up). Here, there are approximately 272,373 individuals who are part of the Settlement Class. *See* S.A. ¶ 1.39. Joinder is thus impracticable, and the requirements of Rule 23(a)(1) are satisfied.

> 2.   There are questions of law & fact common to the Settlement Class.

Rule 23(a)(2) requires "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). To satisfy this 'commonality' requirement, the claims alleged must "depend upon a common contention . . . of such a nature that it is capable of class-wide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). "[T]he commonality requirement has been characterized as a 'low hurdle' easily surmounted." *Gaspar v. Linvatec Corp.*, 167 F.R.D. 51, 57 (N.D. Ill. 1996) (citations omitted). Indeed, "even a single common question will do." *Dukes*, 564 U.S. at 359. "Rule 23(a)(2) does not require that all questions of law or fact raised in the litigation be common." *Edmondson v. Simon*, 86 F.R.D. 375, 380 (N.D. Ill. 1980) (stating that where a defendant "has engaged in some course of conduct that affects a group of persons and gives rise to a cause of action, one or more of the elements of that cause of action will be common to all of the persons affected").

Here, each of the Settlement Class Members share the common, class-wide question of whether and to what extent Defendant disclosed their personally identifiable information and protected health information through the Tracking Tools on its Website. *See* Amended Complaint (Dkt. No. 34), ¶ 299 (listing sample of common questions). Damages in this case are also alleged as resulting from the same course of conduct—the disclosure of personal data via the use of Tracking Tools on Defendant's Website. That inquiry does not vary from Class Member to Class Member and can be fairly resolved—for settlement purposes—all at once. This requirement in the context of data privacy class action settlements is readily satisfied. *See, e.g.*, *In re Advocate Aurora Health Pixel Litig.*, 740 F. Supp. 3d 736, 745 (E.D. Wis. 2024) (granting final approval in pixel-tracking case); *Remijas v. The Neiman Marcus Group, LLC*, No. 1:14-CV-01735 (N.D. Ill. Nov.15, 2019) (similar for data breach); *Fox v. Iowa Health System*, No. 3:18-CV-00327 (W.D. Wis. Sep. 16, 2020) (similar). Thus, these common questions, and others alleged in the Amended Complaint, are central to the causes of action brought here and will generate common answers that could be addressed on a class-wide basis.

### 3. The Class Representatives' claims are typical of Class Members' claims.

Rule 23(a)(3)'s 'typicality' requirement is satisfied where "the claims or defenses of the class representatives have the same essential characteristics as those of the class as a whole." Fed. R. Civ. P. 23(a)(3). A "plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the same legal theory." *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992) (cleaned up). The typicality requirement "may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members." *Muro v. Target Corp.*, 580 F.3d 485, 492 (7th Cir. 2009). Rather than perfect uniformity, Rule 23(a)(3) "primarily directs the district court to focus on whether the named representatives' claims

have the same essential characteristics as the claims of the class at large." *Id.* Here, the claims of Plaintiffs and Settlement Class Members all stem from the same course of conduct—the installation and use of the Tracking Tools on Defendant's Website. *See, e.g.*, Amended Complaint (ECF No. 34), ¶ 301. As such, typicality is satisfied.

    4.  <u>The proposed Class Representatives will adequately protect the interests of the Settlement Class.</u>

Rule 23(a)(4) requires that a representative plaintiff be able to provide fair and adequate representation for the class. It requires Plaintiffs to show both "(1) the adequacy of the named plaintiffs as representatives of the proposed class's myriad members, with their differing and separate interests, and (2) the adequacy of the proposed class counsel." *Gomez v. St. Vincent Health, Inc.*, 649 F.3d 583, 592 (7th Cir. 2011). A class representative satisfies the adequacy requirement where they are "part of the class" and "possess the same interest and suffer the same injury" as the other class members. *Orr v. Shicker*, 953 F.3d 490, 499 (7th Cir. 2020) (quoting *Dukes*, 564 U.S. at 348).

Here, Plaintiffs' interests are aligned with those of the Settlement Class Members in that they seek relief for injuries arising out of the same course of conduct through Defendant's installation and use of Tracking Tools. *See, e.g.*, Amended Complaint (Dkt. No. 34), ¶¶ 105-132 & 238-292 (discussing Plaintiffs' experiences with Defendant). Plaintiffs' and Settlement Class Members' private information was allegedly collected and disclosed—without their knowledge nor consent—by Defendant to third parties like Meta in the same manner and under the same circumstances using tracking tools. *Id*. Under the terms of the Settlement, Plaintiffs and Settlement Class Members will all be eligible for equivalent cash payments from the respective portion of the Settlement Fund to help remedy the alleged harms they have experienced as a result of Defendant's actions. *See* S.A. ¶¶ 2.1–2.2. In addition, proposed Class Counsel have significant experience as

class action litigators, particularly in data privacy and security litigation and are well suited to advocate on behalf of the Settlement Class in this Litigation. *See* Joint Decl. ¶¶ 18-20, 25-28. Thus, the requirements of Rule 23(a) are satisfied.

**B. The Settlement Class meets the Requirements of Rule 23(b).**

Plaintiffs seek to certify a settlement class under Rule 23(b)(3), which has two components: predominance and superiority. Here, Rule 23(b)(3) is satisfied because: (i) questions of law and fact common to Class Members predominate over any individual questions and (ii) the class action mechanism is superior to any other methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3).

1. Common questions of law & fact predominate over any questions affecting only individual members of the Settlement Class.

To satisfy Rule 23(b)(3)'s requirement of predominance, Plaintiffs must show that "the central questions in the litigation are the same for all class members." *Pella Corp. v. Saltzman*, 606 F.3d 391, 394 (7th Cir. 2010). The presence of "some factual variation among the class grievances will not defeat a class action." *Rosario*, 963 F.2d at 1017. Rather, it is "well-established" that "the presence of some individualized issues does not overshadow the common nucleus of operative fact presented when the defendant has engaged in standardized conduct toward the class." *Chandler*, 162 F.R.D. at 308.

In this case, the predominant issues are whether Defendant was required to disclose to Settlement Class Members that it used tracking tools on its Website and the alleged harm that arose when the personal information belonging to Settlement Class Members was allegedly shared, without their consent, with companies like Meta. Other courts have recognized that the types of common issues arising from similar unauthorized disclosures predominate over any individualized issues. *See, e.g.*, *In re TikTok, Inc., Consumer Priv. Litig.*, 565 F. Supp. 3d 1076, 1086 (N.D. Ill.

14

2021) ("Predominance is met because many of the issues of law and fact common to members of the Nationwide Class and Illinois Subclass, respectively, may be resolved "through generalized proof"—namely, by examining Defendants' uniform data collection and privacy practices against their legal obligations."); *In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299, 312-15 (N.D. Cal. 2018) (finding predominance satisfied because "Plaintiffs' case for liability depend[ed], first and foremost, on whether [the defendant] used reasonable data security to protect Plaintiffs' personal information"). The predominance requirement is thus satisfied here.

      2.  <u>A class action is superior to other methods for the fair & efficient adjudication of the controversy.</u>

Resolving this Litigation now through this class-wide settlement is superior to individual litigation. Most Settlement Class Members lack the financial resources to prosecute individual actions, and the value of any individual claim is too low to justify individual cases. "The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights…A class action solves this problem by aggregating the relatively paltry potential recoveries into something worth someone's (usually an attorney's) labor." *Mace v. Van Ru Cred. Corp.*, 109 F.3d 338, 344 (7th Cir. 1997). Consequently, "resolution…on a class wide basis, rather than in thousands of individual lawsuits (which in fact may never be brought because of their relatively small individual value), would be an efficient use of both judicial and party resources." *Hinman v. M & M Rental Ctr.*, 545 F. Supp. 2d 802, 807 (N.D. Ill. 2008).

Here, there is little reason for proposed Class Members to prosecute individual actions. While the total alleged economic harm is significant, each individual claim is small compared to the costs of undertaking separate, individualized litigation. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 809 (1985). Although the injuries resulting from Defendant's alleged use of tracking

tools are real, the cost of individually litigating against Defendant would easily exceed the value of any relief that could be obtained by any one consumer. Thus, a class action is a superior method of adjudication. In sum, the proposed Class's claims satisfy Rule 23(b)(3)'s requirements and should be certified. Adjudicating individual actions here is impracticable: the amount in dispute for each class member is too small, the technical issues involved are too complex and the required expenses too costly. Thus, the Court may certify the Class for settlement under Rule 23(b)(3).

## II. **The Settlement meets the requirements for Preliminary Approval under Rule 23(e)(2).**

The proposed Settlement is fair, reasonable, and adequate considering the relevant factors and the Court should grant preliminary approval and direct notice because it will likely be able to grant final approval.

### A. The proposed Class Representatives & Class Counsel have adequately represented the Settlement Class.

First, the proposed Class Representatives and Class Counsel have adequately represented the Settlement Class as required under Federal Rule 23(e)(2)(A). "The adequacy of class counsel turns on counsel's qualifications, experience, and ability to conduct the litigation." *T.K. v. Bytedance Tech. Co.*, 2022 WL 888943, at *4 (N.D. Ill. Mar. 25, 2022). Courts routinely find that class counsel is adequate where they are experienced in the subject matter of the litigation and have diligently pursued a favorable resolution. *Id*. ("Plaintiffs present unrefuted evidence of their counsel's expertise in litigating consumer class actions, many of which involve privacy rights"); *In re AT&T Mobility Wireless Data Servs. Sales Litig.*, 270 F.R.D. 330, 344 (N.D. Ill. 2010) (stating that "class counsel have invested substantial time and resources in this case by investigating the underlying facts, researching the applicable law, and negotiating a detailed settlement[, and] have experience pursuing consumer-class-action cases").

16

Proposed Class Counsel have extensive experience in class action litigation and in cases involving data privacy. *See* Joint Decl. ¶¶ 18-29, 25-28. Their combined expertise allowed them to, among other things, investigate and evaluate the risks and merits of Plaintiffs' claims and build a strong case in a complex area including the application of legal theories to complex technological matters involving the alleged use of tracking and source code to collect and to disclose putative Class Members' private information to third parties. *Id.* ¶¶ 15-24. Further, proposed Class Counsel conducted a thorough pre-suit investigation of their clients' claims as measured against a rapidly developing area of the law including through formal and informal discovery. *Id.* Moreover, given their experience in similar pixel-tracking matters, Class Counsel was able to request specific information from Defendant to aid in the settlement negotiations, allowing both parties to evaluate the strengths and weaknesses of the case in a fairly timely and efficient manner. *See id.* ¶ 11, 20.

The Class Representatives have likewise adequately represented the Settlement Class. Plaintiffs were engaged by counsel to assist in pre-suit investigation, provided all necessary information, reviewed and approved the allegations of various pleadings, and reviewed and approved the terms of the Settlement. *See* Joint Decl. ¶¶ 16, 23-24. They have taken their duties to act as fiduciaries to the Class seriously and cooperated in all respects. Accordingly, the Class Representatives and proposed Class Counsel have adequately represented the Class, and this factor weighs strongly in favor of preliminary approval. *See* Fed. R. Civ. P. 23(e)(2)(A); *see also Bytedance*, 2022 WL 888943, at *17 (counsel qualified where they are experienced in case type & performed substantial research into matter).

**B. The Settlement was reached through arm's-length negotiations.**

The Settlement likewise satisfies Rule 23(e)(2)(B) as it is the product of hard-fought, arm's-length negotiations overseen by an experienced data privacy and class action mediator,

Bruce A. Friedman, *Esq.*, during which Defendant vigorously disputed Plaintiffs' allegations. *See* Fed. R. Civ. P. 23(e)(2)(B); *see also* Joint Decl. ¶¶ 11-12, 23, 50. Notably, a "settlement proposal arrived at after arms-length negotiations by fully informed, experienced and competent counsel may be properly presumed to be fair and adequate." *Mangone v. First USA Bank*, 206 F.R.D. 222, 226 (S.D. Ill. 2001) (citation omitted). Further, "the involvement of a neutral or court-affiliated mediator or facilitator in those negotiations may bear on whether they were conducted in a manner that would protect and further the class interests." Fed. R. Civ. P. 23(e)(2)(A) & (B) (advisory committee's note to 2018 amendments).

After thoroughly investigating the facts and rapidly evolving law, requesting and reviewing formal and informal discovery, and preparing for and participating in mediation, Class Counsel were able to assess the potential risks and rewards of litigation and concluded that Settlement is an excellent result for the Settlement Class. *See* Joint Decl. ¶¶ 45-52. This Settlement was negotiated at arm's length and is procedurally fair, adequate, and reasonable. *See* Fed. R. Civ. P. 23(e)(2)(B).

### C. The Settlement has no obvious deficiencies and does not grant preferential treatment to any Settlement Class Members.

Rule 23(e)(2)(c) requires examination of the relief provided by the Settlement. The benefits available to Class Members are significant in comparison to the risk of obtaining no recovery or reduced recovery after protracted litigation. *See* Joint Decl. ¶¶ 45-52. This Settlement ensures that Settlement Class Members will be compensated for the harms they have allegedly suffered as a result of Defendant's use of the tracking tools. Although the precise amount of the cash payment to each Class Member cannot be ascertained until after the Claim Deadline, the Settlement Fund will be funded in a way that ensures that Claims Payments will result in adequate relief to the Settlement Class. *See* S.A. ¶¶ 2.1-2.3.

The Settlement Benefits here are comparable to results reached in other data privacy cases concerning the use of the Meta pixel to collect private information. *See, e.g.*, *In re Advoc. Aurora Health Pixel Litig.*, 740 F. Supp. 3d at 745 (final approval granted for non-reversionary common fund settlement of $2.5 million for a class of approximately 12.25 million class members); *John v. Froedtert Health, Inc.*, 2023CV001935, ECF No. 40 (Milwaukee Cty. Cir. Ct. Case Sept. 29, 2023) (final approval granted for non-reversionary common fund settlement of $2 million for a class of approximately 459,000 patients); *In re Novant Health, Inc.*, 2024 WL 3028443 (M.D.N.C. June 17, 2024) (final approval granted for non-reversionary common fund settlement of. $6.66 million for a class of approximately 1,362,165 million class members). As the relief provided through the Settlement is well within the range of possible approval, preliminary approval should be granted.

1. The costs, risks and delay of trial & appeal are considerable.

The Seventh Circuit has "instructed that the likely complexity, length, and expense of continued litigation are relevant factors district court[s] should consider in determining whether a class action settlement satisfies Rule 23." *In re Cap. One Tel. Consumer Prot. Act Litig.*, 80 F. Supp. 3d 781, 792 (N.D. Ill. 2015) (citation omitted). The benefits conferred by the Settlement are immediate and significant and the expense, duration and complexity of protracted litigation would be substantial and the outcome uncertain. *See* Joint Decl. ¶¶ 45-52. Proceeding with continued litigation would present risks inherent in class certification and proof of liability—both factors considered under this Circuit's test for final approval. Although plaintiffs have survived Rule 12 motions in similar pixel-tracking cases (as Plaintiffs did in this case), obtaining class certification and an eventual jury verdict is far from certain. *See, e.g.*, *Frasco v. Flo Health, Inc.*, 2024 WL 4280933 (N.D. Cal. Sept. 23, 2024) (granting summary judgment in part in pixel-tracking case); *In re TJX Cos. Retail Sec. Breach Litig.*, 246 F.R.D. 389, 397 (D. Mass. 2007) (denying

19

certification of data breach class). Through the Settlement, Settlement Class Members gain significant benefits in the near term without having to face further risk of not receiving any relief at all.

2. <u>The proposed method of distributing relief and processing claims is objective, efficient, and fair.</u>

The Settlement Administrator is responsible for evaluating Claims and distributing settlement benefits. S.A. ¶¶ 3.4-3.6. All Settlement Class Members may submit a Claim until the Claim Deadline, which will be set by the Court. *Id.* ¶¶ 1.6, 3.3. As detailed above, the Claim Form is simple to complete, requiring claimants to provide only their contact information, confirmation that they are Settlement Class Members, and their election to receive the *pro rata* cash payment approved by the Court. Claim Forms may be submitted by mail or through the Settlement Website created by the Settlement Administrator that will contain a summary of the settlement and all relevant case documents. *Id.* ¶¶ 1.28, 4.4. Class Members will also be able to contact the Settlement Administrator with any questions through the Settlement Website or a toll-free telephone number. Passarella Decl. ¶¶ 15-16. The Settlement Administrator is charged with reviewing and evaluating each Claim Form, assessing the validity of any required documentation and ensuring Claims are submitted timely and completely. S.A. ¶¶ 3.4–3.7. This procedure is objective, efficient, and fair.

3. <u>Attorneys' Costs, Fees, and Expenses as well as Service Awards that the proposed Class Representatives will request are reasonable and appropriate.</u>

By separate motion (to be filed at least fourteen days before the Objection Deadline), Plaintiffs will seek Court approval of the Attorneys' Costs, Expenses, and Fees and the Service Awards for the Class Representatives. S.A. ¶¶ 8.1-8.3. Doing so will give Settlement Class Members adequate time to evaluate such requests as they consider whether to opt out of or object to the Settlement. Rule 23(e)(2)(C)(iii) requires evaluation of the terms of any proposed attorneys'

fees including the timing of any payment. Under the Settlement, proposed Class Counsel may request up to one-third of the Net Settlement Fund. S.A. ¶ 8.1. Both the Short-Form and Long-Form Notice also clearly explain that Class Counsel may seek up to this amount.

The proposed Service Award to each proposed Class Representative of $2,500 is also well within the range of awards granted to named plaintiffs in class proceedings. In fact, "empirical data indicates that the requested incentive awards [of $2,500] are modest…the median incentive award per plaintiff…is over twice the amount that Class Counsel requests here." *In re Tiktok, Inc. Consumer Priv. Litig.*, 617 F. Supp. 3d 904, 949 (N.D. Ill. 2022) (approving $2,500 incentive awards in privacy class action). Simply put, proposed Class Counsel's request for fees and expenses as well as for modest Service Awards is well supported by law and evidence and are additional bases for preliminarily approving the Settlement. *See* Fed. R. Civ. P. 23(e)(2)(C)(iii).

    4.  <u>Disclosure of side agreements.</u>

There are no additional agreements that require identification or examination under Rule 23(e)(3). *See* Joint Decl. ¶ 50.

**D.  The Settlement treats Class Members equitably relative to each other.**

The Court must also consider whether the Settlement treats Settlement Class Members equitably relative to one another. *See* Fed. R. Civ. P. 23(e)(2)(D). Here, the Settlement treats all Settlement Class Members fairly. Class Members who submit a valid Claim Form will receive a *pro rata* share of the Settlement Fund after deduction of the Claims Administration Costs, Attorneys' Costs, Expenses, and Fees awarded by the Court to Class Counsel, and Service Awards awarded by the Court. This Rule 23(e) factor is thus satisfied, and because the Settlement satisfies all of Rule 23(e) requirements, preliminary approval should be granted.

### III.     The Court should approve the proposed Notice Program.

Rule 23(e)(1) requires the Court to "direct reasonable notice to all class members who would be bound by" a proposed settlement. For classes like this one, certified under Rule 23(b)(3), the parties must provide "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B) (permitting notice to be sent by "U.S. Mail, electronic mail, or other appropriate means"). With regard to contents, a notice is the best practicable under the circumstances where it "is reasonably calculated, under all of the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

The Notice Program negotiated and agreed to here is the best practicable under the specific circumstances of this case. *See* Joint Decl. ¶¶ 53-57. The Parties negotiated the form of the Notice with Kroll's aid. *Id*. Notice will reach all Class Members for whom Defendant has a record by email and otherwise by U.S. mail for Settlement Class Members for whom Defendant provides a valid mailing address. *See* S.A. ¶ 4.3. The proposed Short-Form Notice is clear, concise, and informs Settlement Class Members of the general terms of the Settlement, the proposed allocation of Attorneys' Costs, Expenses, and Fees and Service Awards, and provides information regarding the date, time, and place of the final approval hearing. *See* S.A., Ex. A. Further, the Short-Form Notice directs Settlement Class Members to the Settlement Website where they can view additional information about the Settlement and its terms and review the Long-Form Notice and other important documents. *Id*. As such, the Notice Program should be approved. *See, e.g.*, *In re AT & T Mobility Wireless Data Servs. Sales Litig.*, 270 F.R.D. at 351 (finding similar email notice to settlement class members was the best practicable and satisfied concerns of due process); *Schulte*

22

*v. Fifth Third Bank*, 805 F. Supp. 2d 560, 596 (N.D. Ill. 2011) (similar with notice plan of direct mail).

**IV.**      <u>**The Court should approve the Settlement Administrator.**</u>

In connection with the Notice Program and Settlement Administration, Plaintiffs request that the Court appoint Kroll to serve as the Settlement Administrator. Kroll has a trusted and proven track record of supporting class action administration and extensive legal administration experience. *See* Joint Decl. ¶¶ 53-57; *see also* Passarella Decl. ¶¶ 2-4.

**V.**      <u>**The Court should schedule a Final Approval Hearing.**</u>

The last step in the Settlement approval process is a final approval hearing during which the Court will make its final evaluation of the Settlement based on, among other things, Class Members' responses to the Notice, which Class Counsel expect to be overwhelmingly positive. *See* Joint Decl. ¶¶ 55-57. Plaintiffs and proposed Class Counsel request that the Court schedule the Final Approval Hearing no earlier than 120 days after entry of the Preliminary Approval Order.[4]

<u>**CONCLUSION**</u>

The proposed Settlement, reached between experienced counsel after receipt and evaluation of informal discovery, is well within the range of reasonableness and readily meets the standards for preliminary approval. Accordingly, Plaintiffs respectfully request this Honorable Court enter an order:

    (i)      Preliminary approving the Settlement and provisionally certifying the Settlement Class in accordance with the proposed Preliminary Approval Order;

---

[4] The Proposed Preliminary Approval Order, attached as Exhibit D to the Settlement Agreement, will also be provided to the Court as an editable Word document.

(ii)     Approving the Notice Program and directing that Notice be distributed to the Settlement Class Members in accordance with the Notice Program;

(iii)    Appointing Kroll as Settlement Administrator;

(iv)    Approving the Claim Form and directing the Settlement Administrator to administer the Notice Program and Settlement in accordance with the provisions of the Settlement Agreement;

(v)     Appointing Plaintiffs as Class Representatives;

(vi)    Appointing the law firms of Almeida Law Group LLC and Stephan Zouras, LLC as Class Counsel;

(vii)   Scheduling a Final Approval Hearing to consider the entry of the Final Approval Order and Judgment and request for Attorneys' Costs, Expenses, and Fees and Plaintiffs' Service Awards, to be held no earlier than 120 days after entry of the Preliminary Approval Order; and

(viii)  Awarding all such other relief as the Court deems just and proper.


Dated: November 13, 2025                    Respectfully Submitted,

                                             /s/ David. S. Almeida
                                            **ALMEIDA LAW GROUP LLC**
                                            David S. Almeida (ARDC 6285557)
                                            Britany A. Kabakov (ARDC 6336126)
                                            849 W. Webster Avenue
                                            Chicago, Illinois 60614
                                            Tel.: (708) 529-5418
                                            david@almeidalawgroup.com
                                            britany@almeidalawgroup.com

                                            James B. Zouras
                                            Ryan F. Stephan
                                            Teresa M. Becvar
                                            Michael J. Casas

24

**STEPHAN ZOURAS LLC**
222 W. Adams St., Suite 2020
Chicago, Illinois 60606
Tel: (312) 233-1550
jzouras@stephanzouras.com
rstephan@stephanzouras.com
tbecvar@stephanzouras.com
mcasas@stephanzouras.com

*Counsel for Plaintiffs & the Settlement Class*

## CERTIFICATE OF SERVICE

I, the attorney, hereby certify that on November 13, 2025, I electronically filed the attached with the Clerk of the Court using the electronic filing system which will send such filing to all attorneys of record.

*/s/ Michael J. Casas*