# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| PATRICIA MAYER, CATHERINE MASSARELLI, and MARY MURHPY, *on behalf of themselves and all others similarly situated*, | |
| Plaintiffs, | Case No. 1:23-cv-03132 |
| v. | Hon. April M. Perry United States District Court Judge |
| MIDWEST PHYSICIAN ADMINISTRATIVE SERVICES, LLC d/b/a DULY HEALTH AND CARE, | |
| Defendant. | |

## SETTLEMENT AGREEMENT

This Settlement Agreement is made and entered into by, between, and among the following Parties: (i) Patricia Mayer, Catherine Massarelli, and Mary Murphy ("Plaintiffs" or the "Class Representatives"), individually and on behalf of the Settlement Class, by and through their counsel of record; and (ii) the Midwest Physician Administrative Services, LLC d/b/a Duly Health and Care ("Defendant" or "Duly"), by and through its counsel of record (collectively, the "Parties"). The Settlement Agreement is subject to Court approval and is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Litigation and Released Claims, upon and subject to the terms and conditions herein.

## RECITALS

**WHEREAS**, Duly is a management services organization for medical groups that provide healthcare services in the State of Illinois and, in connection with these services, operates a public website, https://www.dulyhealthandcare.com/ (the "Website"), and a MyChart patient portal (the "Portal", and together with the Website, the "Web Properties").

1

**WHEREAS**, on April 10, 2023, representative plaintiff Patricia Mayer ("Plaintiff Mayer") commenced a class action lawsuit by filing a complaint in the Circuit Court of Cook County, Illinois, alleging that personal health information was collected and shared with Meta/Facebook through Duly's implementation of the Facebook Pixel on its Web Properties and the Facebook Conversions Application Programming Interface on its Web Properties' servers;

**WHEREAS**, on May 18, 2023, Duly removed the action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1), and the Class Action Fairness Act, codified at 28 U.S.C. § 1332(d);

**WHEREAS**, on June 16, 2023, Plaintiff Mayer filed a motion to remand;

**WHEREAS**, on February 1, 2024, Plaintiff Mayer filed a motion to withdraw the motion to remand and to file an amended complaint;

**WHEREAS**, on March 1, 2024, Plaintiff Mayer, along with newly added named plaintiffs Catherine Massarelli and Mary Murphy (collectively, "Plaintiffs"), filed an amended class action complaint in the United States District Court for the Northern District of Illinois asserting eight causes of action;

**WHEREAS**, the amended class action complaint asserted one claim under federal law for alleged violation of the Electronic Communications Privacy Act ("ECPA") and seven claims under Illinois state law: (1) alleged violation of the Illinois Eavesdropping Statute; (2) alleged violation of the Illinois Consumer Fraud and Deceptive Business Practices Act; (3) alleged violation of the Illinois Uniform Deceptive Trade Practices Act; (4) breach of confidence; (5) invasion of privacy—intrusion upon seclusion; (6) breach of implied contract; and (7) negligence;

**WHEREAS**, on April 1, 2024, Duly moved to dismiss Plaintiffs' amended class action complaint in its entirety for failure to state a claim;

**WHEREAS**, on March 31, 2025, the Honorable April M. Perry of the United States District Court for the Northern District of Illinois granted in part and denied in part Duly's motion to dismiss;

**WHEREAS**, Judge Perry dismissed six claims in the amended class action complaint: (1) violation of the Illinois Eavesdropping Statute; (2) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act; (3) violation of the Illinois Uniform Deceptive Trade Practices Act; (4) breach of confidence; (5) invasion of privacy—intrusion upon seclusion; and (6) breach of implied contract;

**WHEREAS**, two claims survived the motion to dismiss: (1) violation of the ECPA; and (2) negligence;

**WHEREAS**, following the Court's Order, the Parties agreed to mediate the remaining claims;

**WHEREAS**, the Parties engaged in an informal exchange of information during which Duly disclosed that the Meta Pixel was never placed in the Portal, but also that individuals could log into one portion of Duly's Website, https://www.dulyhealthandcare.com/, where the Meta Pixel was installed with their Duly MyChart credentials for easier appointment scheduling between July 24, 2020 and April 10, 2023;

**WHEREAS**, on June 18, 2025, the Parties engaged in a full-day mediation before Mr. Bruce A. Friedman, *Esq.* of JAMS Mediation, Arbitration and ADR Services, but the mediation did not conclude with a signed settlement agreement;

**WHEREAS,** the Parties proceeded with formal discovery while continuing their negotiations;

**WHEREAS**, on September 10, 2025, the Parties reached a settlement in principle;

**WHEREAS**, following the settlement in principle, this Settlement Agreement sets forth the complete and final understanding of the Parties regarding the settlement of the civil action captioned *Mayer v. Midwest Physician Administrative Services, LLC d/b/a Duly Health and Care*, Case No. 1:23-cv-03132 (the "Litigation"), currently pending in the United States District Court for the Northern District of Illinois;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by, between, and among the Class Representatives, individually and on behalf of the Settlement Class, Class Counsel, and Defendant, that, subject to the approval of the Court, the Litigation and the Released Claims shall be finally, fully, and forever compromised, settled, and released, and the Litigation shall be dismissed with prejudice as to the Parties and the Settlement Class Members, except those Settlement Class Members who lawfully opt-out of the Settlement, upon and subject to the terms and conditions of this Settlement Agreement, as follows:

## I.    DEFINITIONS.

As used anywhere in the Settlement Agreement, including the recitals, the following terms have the meanings specified below:

1.1    "**Attorneys' Costs, Expenses, and Fees**" means the attorneys' costs, expenses, and fees incurred by Class Counsel in connection with investigating, commencing, prosecuting, and settling the Litigation on behalf of Settlement Class Members.

1.2    "**Claimant**" means a Settlement Class Member who makes a valid and timely Settlement Claim approved by the Settlement Administrator or the Court, for good

cause shown, in accordance with the terms and conditions of this Settlement Agreement.

1.3 "**Claims Administration**" means the processing and payment of claims received from Settlement Class Members by the Settlement Administrator.

1.4 "**Claims Administration Costs**" means all actual costs associated with or arising from Claims Administration, including any taxes owed on the Settlement Fund.

1.5 "**Claims Deadline**" means the date by which Settlement Class Members must return or submit the Claim Form to the Settlement Administrator online or via U.S. mail, postmarked by that date. The Claims Deadline shall be sixty (60) Days after the Notice Date.

1.6 "**Claim Form**" means the form that will be available for Settlement Class Members to submit a Settlement Claim to the Settlement Administrator, substantially in the form as shown in **<u>Exhibit C</u>** to this Settlement Agreement. Settlement Class Members must submit a valid and timely Claim Form, subject to the provisions of this Settlement Agreement, to obtain benefits under this Settlement Agreement.

1.7 "**Claim Payment**" means the *pro rata* digital payment or mail check made to each Claimant in accordance with the terms and conditions of this Settlement Agreement.

1.8 "**Class Counsel**" means David S. Almeida, *Esq.* and Britany A. Kabakov, *Esq.* of Almeida Law Group LLC located at 849 W. Webster Avenue in Chicago, Illinois 60614 and James B. Zouras, *Esq.* and Michael J. Casas, *Esq.* of Stephan Zouras, LLC located at 222 W. Adams Street, Suite 2020, in Chicago, Illinois 60606.

1.9 "**Court**" means the United States District Court for the Northern District of Illinois.

1.10    "**Days**" means calendar days.

1.11    "**Defendant**" or "**Duly**" means Midwest Physician Administrative Services, LLC d/b/a Duly Health and Care.

1.12    "**Defendant's Counsel**" means David A. Carney, *Esq.* of Baker & Hostetler LLP, located at 127 Public Square, Suite 2000 in Cleveland, Ohio 44114 and Bonnie Keane DelGobbo, *Esq.* of Baker & Hostetler LLP, located at 1 North Wacker Drive, Suite 4500 in Chicago, Illinois 60606.

1.13    "**Effective Date**" means the date when the Settlement Agreement becomes Final, which is thirty-one (31) Days after the Court grants final approval, assuming no appeals are filed. If any appeal is filed, the Effective Date shall be thirty-one (31) Days from when the appeal is finally decided by the United States Supreme Court, or the time for petitioning for certiorari with the United States Supreme Court has expired, whichever date comes later.

1.14    "**Final**" means the occurrence of all the following events:

    a.    the settlement pursuant to this Settlement Agreement is approved by the Court;

    b.    the Court has entered a Judgment;

    c.    the time to appeal or seek permission to appeal from the Judgment has expired, or, if appealed, the appeal has been dismissed in its entirety, or the Judgment has been affirmed in its entirety by the court of last resort to which such appeal may be taken, and such dismissal or affirmance has become no longer subject to further appeal or review, including through a petition for certiorari.

Notwithstanding the above, any order modifying or reversing the Attorneys' Costs, Expenses, and Fees or the Service Award shall not affect whether the Judgment is "Final" or any other aspect of the Judgment.

1.15     "**Final Approval Hearing**" means the hearing at which the Court will determine whether to approve the proposed Settlement, including determining whether the settlement benefits, Claims Administration Costs, Attorneys' Costs, Expenses, and Fees, and Service Award are fair, reasonable, and adequate.

1.16     "**Judgment**" means a final Judgment rendered by the Court under Federal Rule of Civil Procedure 54(b).

1.17     "**Litigation**" means the civil action captioned *Mayer v. Midwest Physician Administrative Services, LLC*, Case No. 1:23-cv-03132, currently pending in the United States District Court for the Northern District of Illinois before the Honorable April M. Perry, Judge.

1.18     "**Long-Form Notice**" means the long-form notice of Settlement to be posted on the Settlement Website, substantially in the form of **Exhibit A**.

1.19     "**Notice Date**" means the date by which the Settlement Administrator must begin sending the Short-Form Notice to all Settlement Class Members. The Notice Date shall be forty-five (45) Days after the Court enters the Preliminary Approval Order.

1.20     "**Notice Program**" means the method for providing reasonable notice to the Settlement Class set forth in Section 4 of this Settlement Agreement.

1.21     "**Objection**" means a written objection to the Settlement made by a Settlement Class Member.

1.22     "**Objection Deadline**" means the date by which Settlement Class Members must file with the Court their objection to the Settlement. The Objection Deadline shall be sixty (60) Days after the Notice Date.

1.23    "**Opt-Outs**" means a Settlement Class Member who submits a valid and timely request to be excluded from the Settlement Class, and whose request for exclusion has been approved by the Settlement Administrator.

1.24    "**Opt-Out Deadline**" means the date by which Settlement Class Members must request to be excluded from the Settlement Class for that request to be effective. The Opt-Out Deadline shall be sixty (60) Days after the Notice Date.

1.25    "**Parties**" means Plaintiffs Patricia Mayer, Catherine Massarelli, and Mary Murphy, individually and on behalf of the Settlement Class, and Defendant Midwest Physician Administrative Services, LLC d/b/a Duly Health and Care.

1.26    "**Person**" means an individual, corporation, partnership, limited partnership, limited liability company or partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and their respective spouses, heirs, predecessors, successors, representatives, or assignees.

1.27    "**Plaintiffs**" or "**Class Representatives**" means Patricia Mayer, Catherine Massarelli, and Mary Murphy.

1.28    "**Portal**" means the Duly MyChart Patient Portal, accessible from https://mychart.dupagemd.com/MyChart/ and https://mychart.duly.com/MyChart/.

1.29    "**Preliminary Approval Order**" means the order preliminarily approving the Settlement Agreement and ordering that notice be provided to the Settlement Class. The Parties' proposed form of Preliminary Approval Order is attached to this Agreement as **<u>Exhibit D</u>** with the understanding that the Exhibit may be modified by the Court.

1.30    "**Related Entities**" means Defendant's past or present parents, subsidiaries, divisions, managed medical groups as well as each of these entities' respective predecessors, successors, directors, managers, officers, employees, members, principals, agents, attorneys, insurers, and reinsurers, and includes, without limitation, any Person related to any such entity who is, was, or could have been named as a defendant in the Litigation and including, but not limited to:  DuPage Medical Group, Ltd.; The South Bend Clinic, LLC;  Quincy Physicians & Surgeons Clinic, PLLC; and DMG Practice Management Services, LLC.

1.31    "**Release**" means the full, final, and forever complete release, relinquishment, and discharge of the Released Persons from any and all past, present, or future claims, counterclaims, lawsuits, set-offs, costs, expenses, attorneys' fees and expenses, losses, rights, demands, charges, complaints, actions, suits, causes of action, obligations, debts, contracts, penalties, damages, or liabilities of any nature whatsoever, known, unknown, or capable of being known, in law or equity, fixed or contingent, accrued or unaccrued, and mature or not matured that arise out of, are connected to, and that were or could have been asserted in the Litigation. The Release shall be included as part of the Final Approval Order so that all Released Claims shall be barred by the principles of res judicata, collateral estoppel, and claim and issue preclusion. The Release shall constitute, and may be plead as, a complete defense to any proceeding arising from, relating to, or filed in connection with the Released Claims.

1.32    "**Released Claims**" means any and all claims and causes of action, including known claims and Unknown Claims, and including any and all claims for damages,

injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, statutory damages, exemplary damages, restitution, the appointment of a receiver, and any other form of relief that either has been or could have been asserted by any Settlement Class Member and each of their respective heirs, executors, administrators, representatives, agents, partners, trustees, insurers, re-insurers, successors, attorneys, and assigns against any Released Person based on, relating to, concerning, or arising out of the Litigation, the allegations, facts, or circumstances described therein, and any related facts. Released Claims shall not include the right of any Settlement Class Member or any of the Released Persons to enforce the terms of this Settlement Agreement. Released Claims shall not include the claims of Settlement Class Members whose valid and timely requests for exclusion have been approved by the Settlement Administrator or by the Court, for good cause shown, in accordance with the terms and conditions of this Settlement Agreement. The Released Claims also do not include claims for medical malpractice.

1.33    "**Released Persons**" means Midwest Physician Administrative Services d/b/a Duly Health and Care and its Related Entities.

1.34    "**Service Award**" means the award intended to recognize Plaintiffs for their efforts in the Litigation and commitment on behalf of the Settlement Class in the amount of $2,500.00, subject to Court approval, per Plaintiff.

1.35    "**Settlement**" means the resolution of this Litigation pursuant to the terms of this Settlement Agreement.

1.36    "**Settlement Administrator**" means Kroll, LLC, as approved by the Court.

1.37   "**Settlement Agreement**" means this Agreement.

1.38   "**Settlement Claim**" means a claim for settlement benefits made under the terms of this Settlement Agreement.

1.39   "**Settlement Class**" means all individuals who logged into the authenticated portion of Duly's Website, https://www.dulyhealthandcare.com/, from July 24, 2020 to April 10, 2023. The Parties estimate that the Settlement Class consists of approximately 272,373 individuals. The Settlement Class explicitly excludes:

   a.      officers and directors of Defendant, its agents, affiliates, subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest;

   b.      all Settlement Class Members who timely and validly request exclusion from the Settlement Class;

   c.      the Judge and Magistrate Judge, including their staff and immediate members of the Judge's family, assigned to evaluate the fairness of this Settlement; and

   d.      Class Counsel.

1.40   "**Settlement Class Member**" means any person who falls within the definition of the Settlement Class.

1.41   "**Settlement Fund**" means the account created for the Settlement and maintained as a qualified settlement fund pursuant to Treasury Regulation § 1.468B-1, *et seq*.

1.42   "**Settlement Website**" means the dedicated website created and maintained by the Settlement Administrator, which will contain relevant documents and information about the Settlement, including this Settlement Agreement, the Short-Form Notice, the Long-Form Notice, and the Claim Form, among other things as agreed upon by the Parties and approved by the Court as required.

1.43    "**Short-Form Notice**" means the short-form notice of Settlement, substantially in the form as shown in **Exhibit B**. The Short-Form Notice will direct recipients to the Settlement Website where recipients may view the Long-Form Notice and make a claim for monetary relief. The Short-Form Notice will also inform Settlement Class Members, *inter alia*, of the Claims Deadline, the Opt-Out Deadline and Objection Deadline and the date of the Final Approval Hearing.

1.44    "**Unknown Claims**" means claims that could have been raised in the Litigation, including any that Plaintiffs, Settlement Class Members, and each of their respective heirs, executors, administrators, representatives, agents, partners, trustees, insurers, re-insurers, successors, attorneys, and assigns do not know to exist or suspect to exist but which, if known by him, her, or it, might affect his, her, or its agreement to release Defendant and all other Related Persons or might affect his, her, or its decision to agree to, object to, or not object to the settlement.

1.45    "**Website**" means https://www.dulyhealthandcare.com/.

1.46    "**Web Properties**" means the Website and the Portal.

## II.    THE SETTLEMENT FUND.

2.1    **The Settlement Fund:** Defendant shall cause the deposit of One Million Eight Hundred Eighty Thousand Dollars and No Cents ($1,880,000.00) into a non-reversionary Settlement Fund as follows:

   a.    One Hundred Fifty Thousand Dollars and No Cents ($150,000.00) shall be paid into the Settlement Fund fifteen (15) Days after this Court enters the Preliminary Approval Order, or within fifteen (15) Days after the receipt of a W-9 and appropriate funding account information from the Settlement Administrator, whichever event occurs later, which shall be available to cover Claims Administration Costs incurred prior to entry of the Final Approval Order and Final Judgment; and

    b.      The balance of the Settlement Fund, One Million Seven Hundred Thirty Thousand Dollars and No Cents ($1,730,000.00), shall be paid into the Settlement Fund thirty (30) Days after the Effective Date.

2.2    **Maximum Amounts:** Under no circumstances shall Defendant's liability exceed One Million Eight Hundred Eighty Thousand Dollars and No Cents ($1,880,000.00)

2.3    **Settlement Fund Payment Timing:** The timing of payment set forth in paragraph 2.1 is contingent upon Defendant's receipt of a W-9 for the Settlement Fund and appropriate account funding information from the Settlement Administrator by the date the Preliminary Approval Order is issued. If Defendant does not receive this information by that date, the payments specified in paragraph 2.1 shall be made within fifteen (15) Days after Defendant receives this information.

2.4    **Settlement Fund Custody:** The Settlement Fund shall be deposited in an appropriate trust account established by the Settlement Administrator but shall remain subject to the jurisdiction of the Court until such time as the entirety of the Settlement Fund is distributed pursuant to this Settlement Agreement or returned to those who paid the Settlement Fund in the event this Settlement Agreement is voided, terminated or cancelled. In the event this Settlement Agreement is voided, terminated, or cancelled due to lack of approval from the Court or any other reason:

    a.      the Class Representatives and Class Counsel shall have no obligation to repay any of the Claims Administration Costs that have been paid or incurred in accordance with the terms and conditions of this Settlement Agreement;

    b.      any amounts remaining in the Settlement Fund after payment of Claims Administration Costs incurred, including all interest earned on the Settlement Fund net any taxes, shall be returned to the payor; and

    c.    no other person or entity shall have any further claim whatsoever to such amounts.

2.5    **Settlement Fund Payments:** As further described in this Settlement Agreement, the Settlement Fund shall be used to pay for:

    a.    reasonable Claims Administration Costs incurred pursuant to this Settlement Agreement, as approved by the Parties and approved by the Court, including payment of any taxes on the Settlement Fund;

    b.    any Attorneys' Costs, Expenses, and Fees approved by the Court;

    c.    any Service Award approved by the Court;

    d.    Claims Payments to Settlement Class Members, as distributed pursuant to the terms and conditions of this Settlement Agreement; and

    e.    any *cy pres* distribution approved by the Court for residual funds.

2.6    **Settlement Fund Account:** The Settlement Fund shall be an account established and administered by the Settlement Administrator, at a financial institution recommended by the Settlement Administrator and approved by Class Counsel and Defendant, and shall be maintained as a qualified settlement fund pursuant to Treasury Regulation § 1.468B-1, *et seq*.

2.7    **Withdrawal Authorization:** No amounts may be withdrawn from the Settlement Fund unless (i) expressly authorized by the Settlement Agreement or (ii) approved by the Court. The Parties, by agreement, may authorize the periodic payment of actual and reasonable Claims Administration Costs from the Settlement Fund without further order of the Court. Any such payments proposed by the Settlement Administrator shall be invoiced and noticed to Class Counsel and Defendant's Counsel at least seven (7) Days prior to payment.

2.8     **Claimant Payments:** The Settlement Administrator shall distribute Claims Payments pursuant to this Settlement Agreement, subject to supervision by the Court, Defendant's Counsel, and Class Counsel.

2.9     **Treasury Regulations and Fund Investment:** The Parties agree that the Settlement Fund is intended to be maintained as a qualified settlement fund within the meaning of Treasury Regulation § 1.468B-1, and that the Settlement Administrator, within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be responsible for filing tax returns and any other tax reporting for or in respect of the Settlement Fund and paying from the Settlement Fund any taxes owed by the Settlement Fund. The Parties agree that the Settlement Fund shall be treated as a qualified settlement fund from the earliest date possible and agree to any relation-back election required to treat the Settlement Fund as a qualified settlement fund from the earliest date possible. All funds held in the Settlement Fund shall be held in an interest-bearing account insured by the Federal Deposit Insurance Corporation ("FDIC") at a financial institution determined by the Settlement Administrator and approved by the Parties. Funds may be placed in a non-interest-bearing account as may be reasonably necessary during the payment clearing process. The Settlement Administrator shall provide an accounting of all funds in the Settlement Fund, including any interest accrued thereon and payments made pursuant to this Settlement Agreement, upon request of any of the Parties.

2.10     **Taxes:** All taxes owed by the Settlement Fund shall be paid out of the Settlement Fund, shall be considered part of the Claims Administration Costs, and shall be timely paid by the Settlement Administrator without prior order of the Court. The

Settlement Fund shall indemnify and hold harmless the Parties and their counsel for taxes (including, without limitation, taxes payable by reason of any such indemnification payments). The Parties and their respective counsel have made no representation or warranty with respect to the tax treatment by any Class Representative or any Settlement Class Member of any payment or transfer made pursuant to this Settlement Agreement or derived from or made pursuant to the Settlement Fund. Each Class Representative and Settlement Class Member shall be solely responsible for the federal, state, and local tax consequences to him, her, or it of the receipt of funds from the Settlement Fund pursuant to this Settlement Agreement.

2.11 **Limitation of Liability:** Defendant and Defendant's counsel shall not have any responsibility for or liability whatsoever with respect to:

a.  any act, omission, or determination of Class Counsel, the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement;

b.  the management, investment or distribution of the Settlement Fund;

c.  the formulation, design, or terms of the disbursement of the Settlement Fund;

d.  the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund;

e.  any losses suffered by, or fluctuations in the value of the Settlement Fund; or

f.  the payment or withholding of any taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

Class Representatives and Class Counsel shall not have any liability whatsoever with respect to:

a. any act, omission, or determination of the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement;

b. the management, investment, or distribution of the Settlement Fund;

c. the formulation, design, or terms of the disbursement of the Settlement Fund;

d. the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund;

e. any losses suffered by or fluctuations in the value of the Settlement Fund; or

f. the payment or withholding of any taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

## III. SETTLEMENT ADMINISTRATION.

3.1 **Claims Administration Costs:** All agreed upon and reasonable Claims Administration Costs will be paid from the Settlement Fund.

3.2 **Claims Administration Process:** The Settlement Administrator, subject to supervision by the Court, Defendant's Counsel, and Class Counsel, shall administer claims in accordance with the terms of the Settlement Agreement and any additional processes agreed to by both Class Counsel and Defendant's Counsel.

3.3 **Claims Submission:** A Settlement Class Member may make a Settlement Claim by completing and submitting a valid, timely, and sworn Claim Form, as attached for approval by the Court as **Exhibit C**. Claim Forms shall be submitted to the Settlement Administrator online or via U.S. mail, postmarked by the Claims Deadline set by the Court, or be forever barred unless such claim is otherwise approved by the Court at the Final Approval Hearing for good cause shown by the applicable Settlement Class Member.

3.4 **Claims Review:** The Settlement Administrator, in its sole discretion to be reasonably exercised, shall review each Claim Form for validity, timeliness, completeness, and adherence to the requirements set forth herein.

3.5 **Claims Payments:** Subject to the terms and conditions of this Settlement Agreement, thirty (30) Days after the Effective Date, the Settlement Administrator shall provide a Claims Payment to each Claimant, for good cause shown, in accordance with the following:

  a. each Claim Payment shall equal the *pro rata* share of the monies remaining in the Settlement Fund after the payment of the Claims Administration Costs, the Attorneys' Costs, Expenses, and Fees, and the Service Award;

  b. each Claim Payment shall be delivered to the digital or physical address provided by the Claimant on their Claim Form; and

  c. any Claim Payment issued under this section that is not negotiated within ninety (90) Days of its issue date shall contain a legend to that effect, be void, and not be reissued.

3.6 **Undeliverable Claims Payments:** For any Claim Payment returned to the Settlement Administrator as undeliverable (including, but not limited to, when the intended recipient is no longer located at the address), the Settlement Administrator shall make reasonable efforts to find a valid address and resend the Claim Payment within thirty (30) Days after the payment is returned to the Settlement Administrator as undeliverable. The Settlement Administrator shall only make one attempt to resend a Claim Payment.

3.7 **Residual Funds:** Any monies that remain in the Net Settlement Fund more than one hundred and twenty (120) Days after the distribution of the Claims Payments shall be sent to one or more court-approved charitable organizations as a *cy pres* distribution. The Parties will jointly recommend to the Court the entity or entities

that will be recipients of the *cy pres* distribution. No portion of the Net Settlement Fund shall revert or be repaid to Defendant after the Effective Date.

3.8     **Third-Party Creditors:** In the event a third party, such as a bankruptcy trustee, former spouse, or other third party has or claims to have a claim against any payment made to a Settlement Class Member, it is the responsibility of the Settlement Class Member to transmit the funds to such third party. Unless otherwise ordered by the Court, the Parties will have no, and do not agree to any, responsibility for such transmittal.

## IV.     NOTICE TO SETTLEMENT CLASS MEMBERS

4.1     **The Notice Program:** The Parties agree the Notice Program provides reasonable notice to the Settlement Class.

4.2     **Defendant's Obligation to the Notice Program:** Within thirty (30) Days of the entry of the Preliminary Approval Order, Defendant shall provide the Settlement Administrator with the names, last known email addresses, and/or last known home addresses for the Settlement Class Members.

4.3     **Notice Timing:** Within forty-five (45) Days of the Preliminary Approval Order, the Settlement Administrator shall begin sending the Short-Form Notice to all Settlement Class Members (the "Notice Date").

4.4     **Notice Method:** Notice shall be provided by email to the greatest extent possible. To the extent an email address is not available for a Settlement Class Member, notice shall be provided by USPS regular mail.

4.5     **Settlement Website:** Within forty-five (45) Days of the entry of the Preliminary Approval Order, and in all events prior to the delivery of notice to Settlement Class

Members, the Settlement Administrator will create the Settlement Website. Content to be included or displayed on the Settlement Website shall be approved in advance by counsel for the Parties, the approval of which shall not be unreasonably withheld. The website address as well as the fact that a Claim Form and Long-Form Notice are available through the Settlement Website shall be included in the Short-Form Notice.

4.6     **Notice Publication Period:** The Settlement Website shall be maintained from the Notice Date until one hundred twenty (120) Days after the Effective Date.

4.7     **Affidavit of Compliance:** Within seventy-five (75) Days of the Notice Date, the Settlement Administrator shall provide Class Counsel for filing with the Court, an appropriate affidavit or declaration concerning compliance with the Court-approved Notice Program.

## V.     OPT-OUT PROCEDURES.

5.1     **Opt-Out Right:** Any Settlement Class Member may request to be excluded from the Settlement Class solely on behalf of himself or herself. A person who submits a valid and timely request for exclusion approved by the Settlement Administrator:

a.     shall not receive any benefits of this Settlement Agreement;

b.     shall not be bound by this Settlement Agreement; and

c.     shall retain the right to pursue his or her claims on an individual basis.

All Settlement Class Members who do not submit a valid and timely request for exclusion approved by the Settlement Administrator shall be bound by this Settlement Agreement and Judgment entered thereon.

5.2     **Opt-Out Method:** Each Settlement Class Member wishing to exclude himself or herself from the Settlement Class shall individually sign and timely submit written notice of such intent to the designated postal address established by the Settlement Administrator. The written notice must contain:

a.      the Settlement Class Member's name, current address, and telephone number;

b.      the name and number of this case;

c.       a statement manifesting the Settlement Class Member's intent to be excluded from the Settlement Class; and

d.      the Settlement Class Member's original signature.

The written notice must be postmarked by the Opt-Out Deadline to be timely. Settlement Class Members may only request to be excluded from the Settlement Class on behalf of themselves; group, class, or mass requests for exclusion, in any form or manner whatsoever, will not be valid.

5.3     **Opt-Out Review:** The Settlement Administrator will review and evaluate each request for exclusion. The Settlement Administrator, in its sole discretion to be reasonably exercised, will determine whether the request for exclusion was submitted in accordance with the requirements set forth herein. The Settlement Administrator will notify Defendant's Counsel and Class Counsel of any invalid or untimely requests for exclusion no later than ten (10) Days after the decision is made regarding their validity or timeliness.

5.4     **Opt-Out Reporting:** Commencing one week from the Notice Date, the Settlement Administrator will notify Defendant's Counsel and Class Counsel of the number of Opt-Outs and will continue to provide weekly updates. No later than ten (10) Days

after the Opt-Out Deadline, the Settlement Administrator shall provide a final report to Class Counsel and Defendant's Counsel that summarizes the number of written requests for exclusion received to date, and other pertinent information as requested by Class Counsel and Defendant's Counsel.

5.5     **Opt-Out Termination:** If 500 or more Settlement Class Members request to exclude themselves from the Settlement Class, the Parties shall have the right to terminate this Settlement Agreement in accordance with the terms and conditions set forth in paragraphs 11.2-11.4.

## VI.     OBJECTIONS TO THE SETTLEMENT.

6.1     **Objection Method:** Any Settlement Class Member who wishes to object to the Settlement Agreement must file an Objection with the Court and serve it upon Class Counsel and Defendant's Counsel at the addresses set forth in paragraph 6.3.

6.2     **Objection Requirements:** Each Objection must:

a.      set forth the Settlement Class Member's full name, current address, telephone number, and email address;

b.      contain proof that the Settlement Class Member is a member of the Settlement Class (e.g., with a Class Member ID);

c.      state whether the Settlement Class Member objects to the Settlement, in whole or in part;

d.      set forth a statement of the legal and factual basis for the Objection;

e.      provide copies of any documents that the Settlement Class Member wishes to submit in support of his/her position;

f.      identify all counsel representing the Settlement Class Member, if any;

g.      contain the signature of the Settlement Class Member's duly authorized attorney or other duly authorized representative, along with documentation setting forth such representation;

h.    contain a list, including case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement in the past three (3) years; and

i.    contain the Settlement Class Member's original signature.

6.3    **Objection Deadline:** Objections must be made in writing, and filed with the Court, and served on both Class Counsel and Defendant's Counsel by mail no later than the Objection Deadline to the addresses set forth below:

a.    Class Counsel:

> David Almeida, *Esq.*
> Britany A. Kabakov, *Esq.*
> Almeida Law Group LLC
> 849 W. Webster Avenue
> Chicago, Illinois 60614
>
> Michael Casas, *Esq.*
> Stephan Zouras, LLC
> 222 W. Adams Street, Suite 2020
> Chicago, Illinois 60606

b.    Defendant's Counsel:

> David Carney, *Esq.*
> Baker & Hostetler LLP
> 127 Public Square, Suite 2000
> Cleveland, Ohio 44114
>
> Bonnie Keane DelGobbo, *Esq.*
> Baker & Hostetler LLP
> 1 North Wacker Drive, Suite 4500
> Chicago, Illinois 60606

6.4    **Objection Response:** Class Counsel and Defendant's Counsel may, but need not, respond to Objections by memorandum of law prior to the Final Approval Hearing.

6.5    **Objector Noncompliance:** Any Settlement Class Member who fails to timely file and serve an Objection consistent with the requirements set forth herein shall not

be treated as having filed a valid Objection and shall forever be barred from raising any Objection.

6.6 **Reciprocity:** Other than attorney-client communications or communications otherwise protected from disclosure pursuant to rule or law, the Parties shall promptly provide to each other copies of Objections, comments, or other documents or filings received from a Settlement Class Member.

## VII. RELEASE.

7.1 **Effect of Release:** Subject to Court approval, as of the Effective Date, the Final Approval Order and Final Judgment shall provide that Plaintiffs, all Settlement Class Members absent any Opt-Outs, and each of their respective heirs, executors, administrators, representatives, agents, partners, trustees, insurers, re-insurers, successors, attorneys, and assigns are bound by this Settlement Agreement, and that the Litigation and the Released Claims are dismissed with prejudice. The Released Claims shall be barred by the principles of res judicata, collateral estoppel, and claim and issue preclusion. The Release shall constitute, and may be plead as, a complete defense to any proceeding arising from, relating to, or filed in connection with the Released Claims.

7.2 **Released Claims:** On the Effective Date, and in consideration of the promises and covenants set forth in this Settlement Agreement, Plaintiffs, all Settlement Class Members absent any Opt-Outs, and each of their respective heirs, executors, administrators, representatives, agents, partners, trustees, insurers, re-insurers, successors, attorneys, and assigns will be deemed to have fully, finally, and forever completely released, relinquished, and discharged the Released Persons from any

and all past, present, and future claims, counterclaims, lawsuits, set-offs, costs, expenses, attorneys' fees and expenses, losses, rights, demands, charges, complaints, actions, suits, causes of action, obligations, debts, contracts, penalties, damages, or liabilities of any nature whatsoever, known, unknown, or capable of being known, in law or equity, fixed or contingent, accrued or unaccrued and matured or not matured that arise out of, are connected to, and that were or could have been asserted in the Litigation or based on the same or substantially similar facts and circumstances.

7.3    **Unknown Claims:** The Released Claims include all Unknown Claims.

7.4    **Limitations on Recourse:** On the Effective Date, Plaintiffs, all Settlement Class Members absent any Opt-Outs, and each of their respective heirs, executors, administrators, representatives, agents, partners, trustees, insurers, re-insurers, successors, attorneys, and assigns shall be bound by this Settlement Agreement and shall have recourse only to the benefits, rights, and remedies provided hereunder. No other action, demand, suit, arbitration, or other claim or proceeding, regardless of forum, may be pursued against Released Persons with respect to the Released Claims.

7.5    **Injunction from Prosecuting:** On entry of the Final Approval Order and Final Judgment, Plaintiffs, all Settlement Class Members absent any Opt-Outs, and each of their respective heirs, executors, administrators, representatives, agents, partners, trustees, insurers, re-insurers, successors, attorneys, and assigns shall be enjoined from prosecuting against the Released Person in any proceeding or forum:

a.    the Released Claims; and

      b.    any claims based on any actions taken by any Released Persons authorized or required by this Settlement Agreement, the Court, or an appellate court as part of this Settlement.

7.6 **Inclusion of Fees:** Without in any way limiting the scope of the Release, the Release covers, without limitation, any and all claims for attorneys' fees, costs or disbursements incurred by Class Counsel or any other counsel representing Plaintiffs or the Settlement Class, or any of them, in connection with or related in any manner to the Litigation, the Settlement, the administration of such Settlement and/or the Released Claims, and the Service Award.

7.7 **Settlement Agreement Enforcement:** Nothing in the Release shall preclude any action to enforce the terms of this Settlement Agreement, including participation in any of the processes detailed herein. Nor shall the Release be construed to release claims arising out of physical injuries alleged to arise from treatment Plaintiffs and Settlement Class Members receive from Defendant.

## VIII. ATTORNEYS' COSTS, EXPENSES, AND FEES & SERVICE AWARD.

8.1 **Attorneys' Costs, Expenses, and Fees:** Class Counsel shall request the Court to approve:

      a.    the reimbursement of costs and expenses incurred by Class Counsel in prosecuting the Litigation not to exceed Twenty-Five Thousand Dollars and No Cents ($25,000.00); and

      b.    an award of attorneys' fees not to exceed thirty-three percent (33%) of the Settlement Fund.

The Court approved Attorneys' Costs, Expenses, and Fees shall be paid from the Settlement Fund no later than thirty (30) Days after the Effective Date. The Parties did not discuss or agree upon the payment of Attorneys' Costs, Expenses, and Fees until after they agreed upon the substantive terms of the Settlement.

8.2 **Service Awards:** Class Counsel shall request the Court to approve a Service Award of Two Thousand Five Hundred Dollars and No Cents ($2,500) for each of the Plaintiffs, Patricia Mayer, Catherine Massarelli, and Mary Murphy. The Court approved Service Awards shall be paid from the Settlement Fund no later than thirty (30) Days after the Effective Date. The Parties did not discuss or agree upon the payment of the Service Award until after they had agreed upon the substantive terms of the Settlement.

8.3 **Application Deadline:** Class Counsel will file applications with the Court for the requested Attorneys' Costs, Expenses, and Fees and Service Awards fourteen (14) Days before Final Approval Hearing Date.

8.4 **Non-Contingent Provision:** The Parties agree that the Court's approval or denial of Attorneys' Costs, Expenses, and Fees or Service Awards is not a condition of this Settlement Agreement and is to be considered by the Court separately from the fairness, reasonableness, and adequacy of the Settlement. Any reduction to the Attorneys' Costs, Expenses, and Fees or Service Awards shall not operate to terminate or cancel this Settlement Agreement.

## IX. THE SETTLEMENT APPROVAL PROCESS.

9.1 **Preliminary Approval Order Requirements:** After execution of this Settlement Agreement, Plaintiffs shall timely move the Court to enter a Preliminary Approval Order, a proposed draft of which is attached as **Exhibit D**, which:

    a.    preliminarily approves this Settlement Agreement;

    b.    provisionally certifies the Settlement Class;

    c.    finds that the proposed Settlement is sufficiently fair, reasonable, adequate, and in the best interests of the Settlement Class;

d.  finds the Notice Program constitutes valid, due, and sufficient notice to the Settlement Class Members, and constitutes the best notice practicable under the circumstances, complying fully with the requirements of the laws of Illinois, the Constitution of the United States, and any other applicable law and that no further notice to the Class is required beyond that provided through the Notice Program;

e.  appoints the Settlement Administrator;

f.  directs the Settlement Administrator to provide notice to Settlement Class Members in accordance with the Notice Program provided for in this Settlement Agreement;

g.  approves the Claim Form and directs the Settlement Administrator to administer the Settlement in accordance with the provisions of this Settlement Agreement;

h.  approves the Opt-Out and Objection procedures as outlined in this Settlement Agreement;

i.  schedules a Final Approval Hearing to consider the final approval, reasonableness, and adequacy of the proposed settlement and whether it should be finally approved by the Court; and

j.  contains any additional provisions agreeable to the Parties that might be necessary or advisable to implement the terms of this Settlement Agreement.

## X.   THE FINAL APPROVAL HEARING & ORDER.

10.1   **Final Approval Hearing:** The Parties will recommend that the Final Approval Hearing be scheduled no earlier than one hundred and twenty (120) Days after the entry of the Preliminary Approval Order, which date shall be set forth in the Preliminary Approval Order.

10.2   **Responding to Objections:** The Parties may file a response to any Objection no later than fifteen (15) Days after the Objection Deadline.

10.3   **Objector Attendance:** An objecting Settlement Class Member has the right, but is not required, to attend the Final Approval Hearing. If an objecting Settlement Class

Member intends to appear at the Final Approval Hearing, with or without counsel, he or she must, by the Objection Deadline:

a.  mail, hand-deliver, or file with the Court a notice of appearance in the Litigation

b.  take all other actions and/or make any additional submissions required by this Settlement Agreement, the Long-Form Notice, or Court Order; and

c.  mail all documents submitted in response to this paragraph to Class Counsel and Defendant's Counsel.

10.4  **Attending Objector Counsel:** If the objecting Settlement Class Member intends to appear at the Final Approval Hearing through counsel, he or she must also identify the attorney(s) representing them who will appear at the Final Approval Hearing and include that attorney(s) name, address, phone number, e-mail address, state bar(s) to which counsel is admitted, and their associated state bar number(s).

10.5  **Final Approval Order:** The Parties shall move the Court no later than fourteen (14) Days before the Final Approval Hearing to enter a Final Approval Order and Judgment which:

a.  finds that the Notice Program fully and accurately informed all Settlement Class Members entitled to notice of the material elements of the settlement, constitutes the best notice practicable under the circumstances, constitutes valid, due, and sufficient notice, and complies fully with the laws of Illinois, the United States Constitution, and any other applicable law;

b.  finds that after proper notice to the Settlement Class, and after sufficient opportunity to object, no timely objections to this Settlement Agreement have been made, or all timely objections have been considered and denied;

c.  approves of the Settlement, as set forth in the Settlement Agreement, as fair, reasonable, adequate, and in the best interests of the Settlement Class, in all respects, finding that the settlement is in good faith, and ordering the Parties to perform the Settlement in accordance with the terms of this Settlement Agreement;

d.  finds that neither the Final Judgment, the Settlement, nor the Settlement Agreement shall constitute an admission of liability by any of the Parties, or any liability or wrongdoing whatsoever by any Party;

e.  finds that Plaintiffs shall, as of the entry of the Final Judgment, conclusively be deemed to have fully, finally, and forever completely released, relinquished, and discharged the Released Persons from the Plaintiffs' Released Claims;

f.  finds that all Settlement Class Members, absent any Opt-Outs, and each of their respective heirs, executors, administrators, representatives, agents, partners, trustees, insurers, re-insurers, successors, attorneys, and assigns, shall, as of the entry of the Final Judgment, conclusively be deemed to have fully, finally, and forever completely released, relinquished, and discharged the Released Persons from the Released Claims;

g.  finds that the Released Claims shall be barred by the principles of res judicata, collateral estoppel, and claim and issue preclusion in any jurisdiction and in any forum, and that the Release acts as a complete defense to any proceeding arising from, relating to, or filed in connection with the Released Claims;

h.  reserves exclusive and continuing jurisdiction over the Litigation and the Parties for the purposes of, among other things, (i) supervising the implementation, enforcement, construction, and interpretation of the Settlement Agreement, the Preliminary Approval Order, and the Final Judgment; and (ii) supervising the administration and distribution of the relief to the Settlement Class and resolving any disputes that may arise with regard to the foregoing; and

i.  dismisses the Litigation with prejudice, subject to the reservation of jurisdiction discussed in subparagraph (h), if and when the Settlement becomes Final, with the Parties to bear their own costs and attorneys' costs, expenses, and fees not otherwise awarded in accordance with this Settlement Agreement.

## XI.  TERMINATION OF THIS SETTLEMENT AGREEMENT.

11.1  **Termination Rights:** Each Party shall have the right to terminate this Settlement Agreement if:

a.  the Court denies preliminary approval of this Settlement Agreement, grants preliminary approval on terms different from those set forth herein, or grants preliminary approval through an order that materially differs in substance from **Exhibit D** hereto;

    b.      more than 500 Settlement Class Members opt-out of the Settlement Class;

    c.      the Court denies final approval of this Settlement Agreement, grants final approval on terms different from those set forth herein, or grants final approval through an order that materially differs in substance from paragraph 10.6 hereto;

    d.      the Final Approval Order and Final Judgment do not become final by reason of a higher court reversing final approval by the Court and the Court thereafter declines to enter a further order(s) approving the Settlement on the terms set forth herein;

    e.      a Party, its counsel, or the Settlement Administrator breaches the terms of the Settlement Agreement prior to the Effective Date; or

    f.      the Effective Date cannot occur.

11.2    **Termination Notice:** If a Party elects to terminate this Settlement Agreement under this Section XI, that Party must provide written notice to the other Party's counsel by hand delivery, mail, or e-mail within ten (10) Days of the occurrence of the condition permitting termination.

11.3    **Effect of Termination or Settlement Non-Occurrence:** If this Settlement Agreement is terminated or disapproved or if the Effective Date should not occur for any reason, then:

    a.      this Settlement Agreement, the Preliminary Approval Order, the Final Approval Order (if applicable), and all their provisions shall be rendered null and void;

    b.      all Parties shall be deemed to have reverted to their respective status in the Litigation as of the date and time immediately preceding the execution of this Settlement Agreement;

    c.      except as otherwise expressly provided, the Parties shall stand in the same position and shall proceed in all respects as if this Settlement Agreement and any related orders had never been executed, entered, or filed; and

    d.      no term or draft of this Settlement Agreement nor any part of the Parties' settlement discussions, negotiations, or documentation (including any

declaration or brief filed in support of the motion for preliminary approval or motion for final approval), nor any rulings regarding class certification for settlement purposes (including the Preliminary Approval Order and, if applicable, the Final Approval Order and Final Judgment), will have any effect or be admissible into evidence for any purpose in the Litigation or any other proceeding.

11.4    **Reservation of Rights:** If this Settlement Agreement is disapproved or terminated, should the Effective Date not occur for any reason, Defendant shall retain all its rights and defenses in the Litigation, without any qualification whatsoever. For example, Defendant shall have the right to object to the maintenance of the Litigation as a class action, to move for summary judgment, and to assert defenses at trial, and nothing in this Settlement Agreement or other papers or proceedings related to the Settlement shall be used as evidence or argument by any Party concerning whether the Litigation may properly be maintained as a class action, or for any other purpose.

11.5    **Appellate Right:** Nothing shall prevent Plaintiffs or Defendant from appealing or seeking other appropriate relief from an appellate court with respect to any denial of final approval of the Settlement by the Court.

## XII.    MISCELLANEOUS PROVISIONS.

12.1    **Superseding Agreement:** This Settlement Agreement constitutes the entire Settlement Agreement between and among the Parties with respect to the Settlement of the Litigation. This Settlement Agreement supersedes all prior negotiations and settlement agreements and may not be modified or amended except by a writing signed by the Parties and their respective counsel. The Parties acknowledge, stipulate, and agree that no covenant, obligation, condition, representation, warranty, inducement, negotiation, or understanding concerning

any part of the subject matter of this Settlement Agreement has been made or relied on except as expressly set forth in this Settlement Agreement.

12.2 **Incorporation of Recitals & Exhibits:** The recitals and exhibits to this Settlement Agreement are integral parts of the Settlement and are expressly incorporated and made a part of this Settlement Agreement.

12.3 **Best Efforts:** If there are any developments in the effectuation and administration of this Settlement Agreement that are not dealt with by the terms of this Settlement Agreement, such matters shall be dealt with as agreed upon by the Parties, or failing agreement, as ordered by the Court. The Parties shall execute all documents and use their best efforts to perform all acts necessary and proper to promptly effectuate the terms of this Settlement Agreement, and to take all necessary or appropriate actions to obtain judicial approval of this Settlement Agreement and give this Settlement Agreement full force and effect.

12.4 **Severability:** In the event that one or more of the provisions contained in this Settlement Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect the other provisions of the Settlement Agreement, which shall remain in full force and effect as though the invalid, illegal, or unenforceable provision(s) had never been a part of this Settlement Agreement as long as the benefits of this Settlement Agreement to Defendant or the Settlement Class Members are not materially altered, positively or negatively, as a result of the invalid, illegal, or unenforceable provision(s).

12.5 **Successors & Assigns:** This Settlement Agreement will be binding upon and inure to the benefit of the successors and assigns of the Parties, Released Persons, and Settlement Class Members absent any Opt-Outs.

12.6 **Construction Equality:** This Settlement Agreement shall not be construed more strictly against one Party than another merely because it may have been prepared by counsel for one of the Parties, it being recognized that because of the arm's-length negotiations resulting in this Settlement Agreement, all Parties hereto have contributed substantially and materially to the preparation of the Settlement Agreement. All terms, conditions, and exhibits are material and necessary to this Settlement Agreement and have been relied upon by the Parties in entering into this Settlement Agreement.

12.7 **Non-Waiver:** There shall be no waiver of any term or condition in this Settlement Agreement absent an express writing to that effect by the non-waiving Party. No waiver of any term or condition in this Settlement Agreement shall be construed as a waiver of a subsequent breach or failure of the same term or condition, or waiver of any other term or condition of this Settlement Agreement.

12.8 **Counterparts:** This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original as against any Party who has signed it and all of which shall be deemed a single Settlement Agreement.

12.9 **Independent Judgment:** Each Party to this Settlement Agreement and the signatories thereto warrant that he, she, or it is acting upon his, her, or its independent judgment and the advice of his, her, or its counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by

any other Party, other than the warranties and representations expressly made in this Settlement Agreement.

12.10 **Authority:** Each signatory below warrants that he, she, or it has the requisite authority to execute this Settlement Agreement and bind the Party on whose behalf he, she, or it is executing the Settlement Agreement.

**[Remainder of Page Intentionally Left Blank]**

## XIII.    PROPOSED SETTLEMENT TIMELINE.

| EVENT | DATE |
|---|---|
| Defendant to Pay $150,000 into Settlement Fund | 15 Days after Entry of Preliminary Approval Order, Assuming Information Provided |
| Defendant to Provide list of Settlement Class Members to Settlement Administrator | 30 Days after Entry of Preliminary Approval Order |
| Settlement Administrator to Establish Settlement Website | No Later than 45 Days after Entry of Preliminary Approval Order |
| ***Notice Date.*** Settlement Administrator to Begin Sending Notice to Settlement Class Members | 45 Days after Entry of Preliminary Approval Order |
| Class Counsel to File Application for Attorneys' Costs, Expenses, and Fees & Service Award | 14 Days before Opt-Out & Objection Deadlines |
| Opt-Out & Objection Deadlines | 60 Days after Notice Date |
| Claims Deadline | 60 Days after Notice Date |
| Settlement Administrator to provide Affidavit or Declaration Regarding Notice Program | 75 Days after Notice Date |
| Class Counsel to file Motion for Final Approval | 14 Days before Final Approval Hearing |
| Final Approval Hearing | No Earlier than 120 Days after Entry of Preliminary Approval Order |
| ***Effective Date.*** | 31 Days after Court grants Final Approval, Assuming no Appeals Filed |
| Defendant to pay $1,730,000 into Settlement Fund | 15 Days after Effective Date |
| Settlement Administrator to distribute the Attorneys' Costs, Expenses, and Fees, the Service Award, & the Claims Payments | 30 Days after Effective Date |
| Settlement Administrator to take down Settlement Website | 120 Days after Effective Date |

**IN WITNESS WHEREOF**, the Parties have hereby accepted and agreed to the

Settlement Agreement.

Dated: November ___, 2025                    Dated: November ___, 2025




_____                     _____
By: Defendant Midwest Physician             By: Patricia Mayer
Administrative Services, LLC d/b/a
Duly Health and Care                        Dated: November ___, 2025

Dated: November ___, 2025


                                            _____
                                            By: Catherine Massarelli

_____                             Dated: November ___, 2025
By: David A. Carney, *Esq.*
**BAKER & HOSTETLER LLP**
127 Public Square, Suite 2000
Cleveland, Ohio 44114
Tel: (216) 621-0200
dcarney@bakerlaw.com
                                            _____
                                            By: Mary Murphy

Dated: November ___, 2025                   Dated: November 13, 2025



_____
Bonnie Keane DelGobbo, *Esq.*               _/s/David S. Almeida_____
**BAKER & HOSTETLER LLP**                    By: David S. Almeida, *Esq.*
1 North Wacker Drive, Suite 4500            **ALMEIDA LAW GROUP LLC**
Chicago, Illinois 60606                     849 W. Webster Avenue
Tel: (312) 416-6200                         Chicago, Illinois 60614
bdelgobbo@bakerlaw.com                      Tel: (708) 529-5418
                                            david@almeidalawgroup.com
***Counsel for Defendant Midwest Physician***
***Administrative Services, LLC d/b/a Duly***
***Health and Care & Duly Authorized***

*Signatory*

Dated: November 13, 2025


*/s/ James B. Zouras*
By: James B. Zouras, *Esq.*
**STEPHAN ZOURAS, LLC**
222 W. Adamas Street, Suite 2020
Chicago, Illinois 60606
Tel: (312) 233-1550
mcasas@stephanzouras.com

*Counsel for Plaintiffs Particia Mayer, Catherine Massarelli, and Mary Murphy & Duly Authorized Signatory*

**IN WITNESS WHEREOF**, the Parties have hereby accepted and agreed to the

Settlement Agreement.

Dated: November __, 2025

Dated: November __, 2025

_____
By: Defendant Midwest Physician
Administrative Services, LLC d/b/a
Duly Health and Care

_____
By: Patricia Mayer

Dated: November __, 2025

Dated: November __, 2025

_____ n
By: David A. Carney, *Esq.*
**BAKER & HOSTETLER LLP**
127 Public Square, Suite 2000
Cleveland, Ohio 44114
Tel: (216) 621-0200
dcarney@bakerlaw.com

_____
By: Catherine Massarelli

Dated: November __, 2025

Dated: November __, 2025

_____
By: Mary Murphy

Dated: November __, 2025

_____
Bonnie Keane DelGobbo, *Esq.*
**BAKER & HOSTETLER LLP**
1 North Wacker Drive, Suite 4500
Chicago, Illinois 60606
Tel: (312) 416-6200
bdelgobbo@bakerlaw.com

a_____ n
By: David S. Almeida, *Esq.*
**ALMEIDA LAW GROUP LLC**
849 W. Webster Avenue
Chicago, Illinois 60614
Tel: (708) 529-5418
david@almeidalawgroup.com

***Counsel for Defendant Midwest Physician***
***Administrative Services, LLC d/b/a Duly***
***Health and Care & Duly Authorized***

**IN WITNESS WHEREOF**, the Parties have hereby accepted and agreed to the

Settlement Agreement.

Dated: November __, 2025                    Dated: November __, 2025

_____                    _____
By: Defendant Midwest Physician             By: Patricia Mayer
Administrative Services, LLC d/b/a
Duly Health and Care                        Dated: November __, 2025

Dated: November **13**, 2025

_____                    _____
By: David A. Carney, *Esq.*                 By: Catherine Massarelli
**BAKER & HOSTETLER LLP**
127 Public Square, Suite 2000               Dated: November __, 2025
Cleveland, Ohio 44114
Tel: (216) 621-0200
dcarney@bakerlaw.com

                                            _____
                                            By: Mary Murphy

Dated: November __, 2025
                                            Dated: November __, 2025

_____
Bonnie Keane DelGobbo, *Esq.*
**BAKER & HOSTETLER LLP**
1 North Wacker Drive, Suite 4500            a_____n
Chicago, Illinois 60606                     By: David S. Almeida, *Esq.*
Tel: (312) 416-6200                         **ALMEIDA LAW GROUP LLC**
bdelgobbo@bakerlaw.com                      849 W. Webster Avenue
                                            Chicago, Illinois 60614
***Counsel for Defendant Midwest Physician***   Tel: (708) 529-5418
***Administrative Services, LLC d/b/a Duly***   david@almeidalawgroup.com
***Health and Care & Duly Authorized Signatory***

37

**IN WITNESS WHEREOF**, the Parties have hereby accepted and agreed to the

Settlement Agreement.

Dated: November __, 2025

Dated: November 13, 2025

_Patricia Mayer_

_____

By: Defendant Midwest Physician
Administrative Services, LLC d/b/a
Duly Health and Care

_____

By: Patricia Mayer

Dated: November Cat, 2025

Dated: November __, 2025

_Catherine Massarelli_

_____

By: Catherine Massarelli

_____n

By: David A. Carney, *Esq.*
**BAKER & HOSTETLER LLP**
127 Public Square, Suite 2000
Cleveland, Ohio 44114
Tel: (216) 621-0200
dcarney@bakerlaw.com

Dated: November 13, 2025

_Mary Murphy_

_____

By: Mary Murphy

Dated: November __, 2025

Dated: November __, 2025

_____

Bonnie Keane DelGobbo, *Esq.*
**BAKER & HOSTETLER LLP**
1 North Wacker Drive, Suite 4500
Chicago, Illinois 60606
Tel: (312) 416-6200
bdelgobbo@bakerlaw.com

_____

By: David S. Almeida, *Esq.*
**ALMEIDA LAW GROUP LLC**
849 W. Webster Avenue
Chicago, Illinois 60614
Tel: (708) 529-5418
david@almeidalawgroup.com

*Counsel for Defendant Midwest Physician*
*Administrative Services, LLC d/b/a Duly*
*Health and Care & Duly Authorized*

Doc ID: e1d916e3fc619f5c51ea3009049a5f34b7f73415

# EXHIBIT 1-A

To:
From:
Subject:

**Did you log into dulyhealthandcare.com between July 24, 2020 and April 10, 2023? You may be eligible for a payment from a $1.88 million class action settlement.**

A settlement has been reached with Midwest Physician Administrative Services, LLC d/b/a Duly Health and Care ("Defendant" or "Duly") in a class action lawsuit about whether it violated the Electronic Communications Privacy Act and was negligent when it installed a Meta tracking pixel on the portion of the website that individuals used to schedule appointments between July 24, 2020 and April 10, 2023. Defendant denies Plaintiffs' claims and maintains that it did not do anything wrong.

**Am I included?** You are receiving this Notice because Defendant's records identify you are included in the Settlement Class. The Settlement Class consists of all individuals who logged into the authenticated portion of Duly's website, https://www.dulyhealthandcare.com/, from July 24, 2020 to April 10, 2023.

**What does the settlement provide?** If approved by the Court, Defendant will establish a Settlement Fund of $1,880,000. After deducting court-approved attorneys' fees, costs, and expenses, service award payments, and the costs of administering the settlement, the balance of the Settlement Fund will be used to pay all valid Claims submitted by Settlement Class Members.

**How do I get the settlement benefits?** You must file a Claim Form online at www.[website].com, or print a Claim Form from the Settlement Website and mail it to the address on the form by **Month XX, 202X**.

**What are my other options?** If you do nothing, you will not receive a settlement payment, you will remain a member of the Settlement Class, and you will give up your rights to sue Defendant for the claims resolved by this settlement. If you do not want a settlement payment but you want to keep your right to sue Defendant for the claims resolved by this settlement, you must opt out of the settlement. If you do not opt out of the settlement, you may object to it and ask the Court for permission to speak at the Final Approval Hearing. The deadline to opt out of the settlement or object to it is **Month XX, 202X**.

**The Court's Final Approval Hearing**. The Court will hold a hearing on **Month XX, 202X** to decide whether to approve the settlement, up to 33% of the Settlement Fund in attorneys' fees plus up to $25,000 in costs and expenses, and $2,500 service awards to the Class Representatives. If approved, these amounts will be deducted from the Settlement Fund before making payments to Settlement Class Members who submit valid Claim Forms. You or your lawyer may attend the hearing at your own expense.

**Want more information?** Visit www.[website].com for complete details about the settlement and how to act on your rights and options. You may also call (xxx) xxx-xxxx for more information.

*Mayer v. Midwest Physician Administrative Services, LLC, a/b/a Duly Health and Care*
c/o Kroll Settlement Administration LLC
PO Box XXXX
New York, NY 10150-XXXX

FIRST-CLASS MAIL
U.S. POSTAGE PAID
CITY, ST
PERMIT NO. XXXX

**ELECTRONIC SERVICE REQUESTED**

NOTICE OF CLASS ACTION

SETTLEMENT

**Did you log into dulyhealthandcare.com between July 24, 2020 and April 10, 2023? You may be eligible for a payment from a $1.88 million class action settlement.**

www.[website].com

<<Refnum Barcode>>

Class Member ID: <<Refnum>>

**Postal Service: Please do not mark or cover**

<<FirstName>> <<LastName>>
<<BusinessName>>
<<Address>>
<<Address2>>
<<City>>, <<ST>> <<Zip>>-<<zip4>>
<<Country>>

A settlement has been reached with Midwest Physician Administrative Services, LLC, a/k/a Duly Health and Care ("Defendant" or "Duly") in a class action lawsuit about whether it violated the Electronic Communications Privacy Act and was negligent when it installed a Meta tracking pixel on the portion of the website that individuals used to schedule appointments between July 24, 2020 and April 10, 2023. Defendant denies all Plaintiffs' claims and maintains that it did not do anything wrong.

**Am I included?** You are receiving this Notice because Defendant's records identify you are included in the Settlement Class. The Settlement Class consists of all individuals who logged into the authenticated portion of Duly's website, https://www.dulyhealthandcare.com/, from July 24, 2020 to April 10, 2023.

**What does the settlement provide?** If approved by the Court, Defendant will establish a Settlement Fund of $1,880,000. After deducting court-approved attorneys' fees, costs, and expenses, service award payments, and the costs of administering the settlement, the balance of the Settlement Fund will be used to pay all valid Claims submitted by Settlement Class Members.

**How do I get the settlement benefits?** You must file a Claim Form online at www.[website].com, or print a Claim Form from the Settlement Website and mail it to the address on the form by Month XX, 202X.

**What are my other options?** If you do nothing, you will not receive a settlement payment, you will remain a member of the Settlement Class, and you will give up your rights to sue Defendant for the claims resolved by this settlement. If you do not want a settlement payment but you want to keep your right to sue Defendant for the claims resolved by this settlement, you must opt out of the settlement. If you do not opt out of the settlement, you may object to it and ask the Court for permission to speak at the Final Approval Hearing. The deadline to opt out of the settlement or object to it is Month XX, 202X.

**The Court's Final Approval Hearing**. The Court will hold a hearing on Month XX, 202X to decide whether to approve the settlement, up to 33% of the Settlement Fund in attorneys' fees plus up to $25,000 in costs and expenses, and $2,500 service awards to the Class Representatives. If approved, these amounts will be deducted from the Settlement Fund before making payments to Settlement Class Members who submit valid Claim Forms. You or your lawyer may attend the hearing at your own expense.

**Want more information?** Visit www.[website].com for complete details about the settlement and how to act on your rights and options. You may also call (xxx) xxx-xxxx for more information.

# EXHIBIT 1-B

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

In the United States District Court, Northern District of Illinois
*Mayer v. Midwest Physician Administrative Services, LLC d/b/a Duly Health and Care*,
Case No. 1:23-cv-03132

# Did you log into dulyhealthandcare.com between July 24, 2020, and April 10, 2023? You may be eligible for a payment from a $1.88 million class action settlement.

*A federal Court authorized this Notice. You are not being sued.*
*This is not a solicitation from a lawyer.*

- A settlement has been reached with Midwest Physician Administrative Services, LLC d/b/a Duly Health and Care ("Defendant" or "Duly") in a class action lawsuit about whether it installed and implemented a Meta tracking pixel on a portion of Duly's website, https://www.dulyhealthandcare.com, without users' knowledge or consent.

- Defendant denies any wrongdoing. No judgment or determination of wrongdoing has been made.

- The lawsuit is captioned *Mayer v. Midwest Physician Administrative Services, LLC d/b/a Duly Health and Care,* Case No. 1:23-cv-03132 (United States District Court, Northern District of Illinois). Defendant denies the allegations and all liability or wrongdoing with respect to any and all facts and claims alleged in the lawsuit but has agreed to a settlement to avoid the costs and risks associated with continuing this case.

- You are included in this settlement if you are a Settlement Class Member. A Settlement Class Member is any individual who logged into the authenticated portion of Duly's website, https://www.dulyhealthandcare.com/, from July 24, 2020 to April 10, 2023.

- As a Settlement Class Member, your rights are affected whether you act or don't act. Please read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | DEADLINE |
|---|---|---|
| **SUBMIT A CLAIM FORM** | The only way to receive payment from this settlement is by submitting a valid and timely Claim Form. You can submit your Claim Form online at www.[website].com or print a Claim Form from the website and mail it to the Settlement Administrator. | **Month __, 202X** |
| **OPT OUT OF THE SETTLEMENT** | You can choose to opt out of the settlement. This option allows you to sue, continue to sue, or be part of another lawsuit against the Defendant related to the legal claims resolved by this settlement. You can elect to retain your own legal counsel at your own expense. If you opt out, you will not be able to receive a payment and you will <u>not</u> be bound by the terms of the Settlement Agreement. | **Month __, 202X** |

| OBJECT TO THE SETTLEMENT AND/OR ATTEND A HEARING | If you do not opt out of the settlement, you may object to it by writing to the Court about why you don't like the settlement. You may also ask the Court for permission to speak about your objection at the Final Approval Hearing on **Month __, 202X**. If you object, you may also file a Claim Form for a payment. | **Month __, 202X** |
|---|---|---|
| DO NOTHING | Unless you opt out of the settlement, you are part of the settlement. If you do nothing, you will not get a payment from this settlement and you will give up the right to sue, continue to sue, or be part of another lawsuit against the Defendant related to the legal claims resolved by this settlement. | No Deadline |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the settlement.

## WHAT THIS NOTICE CONTAINS

**Basic Information**
1. Why was this Notice issued?................................................................................................ 3
2. What is this lawsuit about?................................................................................................... 3
3. What is a class action?......................................................................................................... 3
4. Why is there a settlement?................................................................................................... 3
**Who is in the Settlement?**
5. Who is included in the settlement?....................................................................................... 3
6. Are there exceptions to being included?.............................................................................. 4
**The Settlement Benefits**
7. What can I get from this settlement?.................................................................................... 4
8. What claims am I releasing if I stay in the Settlement Class?.............................................. 4
**How to get a Payment – Making a Claim**
9. How do I submit a Claim Form and get a Settlement Class Member Payment?................... 4
10. What is the deadline for submitting a Claim Form?........................................................... 4
11. When will I get my payment?............................................................................................. 5
**The Lawyers Representing You**
12. Do I have a lawyer in this case?......................................................................................... 5
13. Should I get my own lawyer?............................................................................................. 5
14. How will the lawyers be paid?........................................................................................... 5
**Excluding Yourself from the Settlement**
15. How do I opt out of the settlement?.................................................................................. 5
**Objecting to the Settlement**
16. How do I tell the Court if I do not like the settlement?...................................................... 6
17. What is the difference between objecting and opting out?................................................. 7
**The Court's Final Approval Hearing**
18. When is the Court's Final Approval Hearing?.................................................................... 7
19. Do I have to come to the Final Approval Hearing?............................................................ 8
**If You Do Nothing**
20. What happens if I do nothing at all?.................................................................................. 8
**Getting More Information**
21. How do I get more information?......................................................................................... 8

## BASIC INFORMATION

### 1. Why was this Notice issued?

A Court authorized this Notice because you have a right to know about the proposed settlement of this class action lawsuit and about all of your options before the Court decides whether to grant Final Approval of the settlement. This Notice explains the lawsuit, your legal rights, what benefits are available, and who can receive them.

The lawsuit is captioned *Mayer v. Midwest Physician Administrative Services, LLC d/b/a Duly Health and Care,* Case No. 1:23-cv-03132 (United States District Court, Northern District of Illinois). The people that filed this lawsuit are called the "Plaintiffs" and the company they sued, Midwest Physician Administrative Services, LLC d/b/a Duly Health and Care, is called the "Defendant."

### 2. What is this lawsuit about?

This lawsuit alleges that Midwest Physician Administrative Services, LLC violated the Electronic Communications Privacy Act and was negligent when it installed and implemented a Meta tracking pixel on a portion of https://www.dulyhealthandcare.com without users' knowledge or consent. The Meta Pixel was installed on the portion of the website that individuals used to log into using their Duly MyChart credentials to schedule appointments between July 24, 2020 and April 10, 2023.

Duly denies all of the Plaintiffs' claims and maintains that they did not do anything wrong.

### 3. What is a class action?

In a class action, one or more individuals sue on behalf of other people with similar claims. These individuals who sue are known as "Class Representatives" or "Plaintiffs." Together, the people included in the class action are called a "Settlement Class" or "Settlement Class Members." One court resolves the lawsuit for all Settlement Class Members, except for those who exclude themselves (sometimes called, "opting out") from a settlement. In this settlement, the Class Representatives are Patricia Mayer, Catherine Massarelli, and Mary Murphy.

### 4. Why is there a settlement?

The Court did not decide in favor of the Plaintiffs or the Defendant. The Defendant denies all claims and contends that it has not violated any laws. Plaintiffs and the Defendant agreed to a settlement to avoid the costs and risks of a trial and, through the settlement, Settlement Class Members are eligible to claim payments. The Plaintiffs and their attorneys, who also represent Settlement Class Members, think the settlement is best for all Settlement Class Members.

## WHO IS IN THE SETTLEMENT?

### 5. Who is included in the settlement?

The Settlement Class consists of all individuals who logged into the authenticated portion of Duly's website, https://www.dulyhealthandcare.com/, from July 24, 2020 to April 10, 2023. The Settlement Class is estimated to consist of approximately 272,373 individuals.

**6. Are there exceptions to being included?**

Yes. Excluded from the Settlement Class are: (1) officers and directors of Defendant, its agents, affiliates, subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest; (2) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (3) the Judge and Magistrate Judge, including their staff and immediate members of the Judge's family, assigned to evaluate the fairness of this Settlement; and (4) Class Counsel.

## THE SETTLEMENT BENEFITS

**7. What can I get from this settlement?**

If approved by the Court, Defendant will establish a Settlement Fund of $1,880,000. After deducting court-approved attorneys' fees, costs and expenses, service award payments, and the costs of administering the settlement, the balance of the Settlement Fund will be used to pay all valid Claims submitted by Settlement Class Members.

Payments will be distributed *pro rata* (proportional) based on the total number of valid Claim Forms received and the amount remaining in the Settlement Fund after making the deductions listed above.

**8. What claims am I releasing if I stay in the Settlement Class?**

Unless you opt out of the settlement, you cannot sue, continue to sue, or be part of any other lawsuit against the Defendant or Related Entities about any of the legal claims this settlement resolves. The "Release" section in the Settlement Agreement describes the legal claims that you give up if you remain in the Settlement Class. The Settlement Agreement can be found at www.[website].com.

## HOW TO GET A PAYMENT – MAKING A CLAIM

**9. How do I submit a Claim Form and get a Settlement Class Member Payment?**

Claim Forms may be submitted online by Month XX, 202X at www.[website].com or mailed to the Settlement Administrator, postmarked by Month XX, 202X, at: *Mayer v. Midwest Physician Administrative Services, LLC*, c/o Kroll Settlement Administration LLC, P.O. Box XXXX, New York, NY 10150-XXXX.

**10. What is the deadline for submitting a Claim Form?**

If submitting a Claim Form online, you must do so by Month XX, 202X. If you submit a Claim Form by U.S. mail, the completed and signed Claim Form must be postmarked by Month XX, 202X.

**11. When will I get my payment?**

After the settlement is "finally approved" and challenges, if any, to that approval are finally resolved. The Court is scheduled to hold a Final Approval Hearing on Month XX, 202X, at X:X0 p.m. CT, to decide whether to approve the settlement, how much in Attorneys' Costs, Expenses, and Fees to award to Class Counsel for representing the Settlement Class, and whether to award a Service Award to the Class Representatives who brought this action on behalf of the Settlement Class.

If the Court approves the settlement, there may be appeals. It is always uncertain whether appeals will be filed and, if so, how long it will take to resolve them. Settlement Class Member payments will be

distributed as soon as possible, if and when the Court grants Final Approval of the settlement and after any appeals are resolved.

## THE LAWYERS REPRESENTING YOU

### 12. Do I have a lawyer in this case?

Yes, the Court appointed David S. Almeida and Britany A. Kabakov of Almeida Law Group LLC and James B. Zouras and Michael J. Casas of Stephan Zouras, LLC to represent you and other members of the Settlement Class ("Class Counsel"). You will not be charged directly for these lawyers; instead, they will receive compensation from the Settlement Fund (subject to Court approval).

If you want to be represented by your own lawyer, you may hire one at your own expense.

### 13. Should I get my own lawyer?

It is not necessary for you to hire your own lawyer because Class Counsel represents you. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 14. How will the lawyers be paid?

Class Counsel's Attorneys' Costs, Expenses, and Fees will be paid from the Settlement Fund in an amount determined and awarded by the Court. Class Counsel will request no more than one-third (33%) of the Settlement Fund as reasonable attorneys' fees and up to $25,000 as reimbursement of costs and expenses. As approved by the Court, the Settlement Class Representatives will be paid a Service Award from the Settlement Fund for bringing and settling the case. The Settlement Class Representatives will seek no more than $2,500 each.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 15. How do I opt out of the settlement?

If you do not want to receive a payment from the settlement, and you want to keep your right to separately sue the Defendant about the legal issues in this case, you must take steps to exclude yourself from the Settlement Class. This is called "Opting Out" of the Settlement Class. The opt-out deadline to submit a request for exclusion from the settlement is **Month XX, 202X**.

To exclude yourself from the settlement, you must submit a written request for exclusion to the Settlement Administrator that includes the following information:

- A statement indicating that you want to opt out of the Settlement Class with the name and number of this case, such as, "I wish to be excluded from the Settlement Class in *Mayer v. Midwest Physician Administrative Services, LLC d/b/a Duly Health and Care,* Case No. 1:23-cv-03132";
- your name, current address, and telephone number; and
- your signature.

Your Request for Exclusion must be mailed to the Settlement Administrator at the address below, postmarked no later than **Month XX, 202X**.

*Mayer v. Midwest Physician Administrative Services, LLC*
c/o Kroll Settlement Administration

ATTN: Exclusion Request
PO Box XXXX
New York, NY 10150-XXXX

If you exclude yourself, you are telling the Court that you do not want to be part of the settlement. You may only exclude yourself – not any other person (mass requests for exclusion will not be valid).

## OBJECTING TO THE SETTLEMENT

**16. How do I tell the Court if I do not like the settlement?**

If you are a Settlement Class Member, you can choose (but are not required) to object to the settlement if you do not like it or a portion of it, whether that be to the Settlement Class Member benefits, the request for Attorneys' Costs, Expenses, and Fees or Service Award payments, the releases provided to the Defendant, or some other aspect of the settlement. Through an objection, you give reasons why you think the Court should not approve the settlement.

For an objection to be considered by the Court, the objection must include:

a. your full name, current mailing address, telephone number, and email address;
b. proof that you are member of the Settlement Class (e.g., the Class Member ID included on the notice you received in the mail about this settlement);
c. a statement whether you object to the settlement, in whole or in part (i.e., the entire settlement or just a portion of it);
d. a statement of the legal and factual basis for your objection;
e. copies of any documents that you wish to submit in support of your position;
f. the identity of all counsel representing you, if any;
g. the signature of your duly authorized attorney or other duly authorized representative, along with documentation setting forth such representation;
h. a list, including case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement in the past three (3) years; and
i. your original signature.

Objections must be filed with the Court and copies must be mailed to Class Counsel and Defendant's Counsel postmarked no later than Month XX, 202X.

| COURT | CLASS COUNSEL | DEFENDANT'S COUNSEL |
|---|---|---|
| Clerk of the Court Everett McKinley Dirksen U.S. Courthouse 219 South Dearborn Street Chicago, IL 60604 | David Almeida, *Esq.* Britany A. Kabakov, *Esq.* Almeida Law Group LLC 849 W. Webster Avenue Chicago, Illinois 60614 —and— James B. Zouras, *Esq.* Michael Casas, *Esq.* Stephan Zouras, LLC | David Carney, *Esq.* Baker & Hostetler LLP 127 Public Square, Suite 2000 Cleveland, Ohio 44114 —and— Bonnie Keane DelGobbo, *Esq.* Baker & Hostetler LLP 1 North Wacker Drive Suite 4500 |

| | 222 W. Adams Street Suite 2020 Chicago, Illinois 60606 | Chicago, Illinois 60606 |
|---|---|---|

## 17. What is the difference between objecting and opting out?

Objecting is telling the Court that you do not like something about the settlement. You can object to the settlement only if you do not exclude yourself from the settlement. Excluding yourself from the settlement means telling the Court you do not want to be part of the settlement. If you exclude yourself/opt out of the settlement, you cannot object to it because the settlement no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

## 18. When is the Court's Final Approval Hearing?

The Court is scheduled to hold a Final Approval Hearing on **Month XX, 202X at XX:X0 p.m.**, in Courtroom 1225 of the United States District Court for the Northern District of Illinois, Everett McKinley Dirksen U.S. Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, to decide whether to approve the settlement, how much Attorneys' Costs, Expenses, and Fees to award to Class Counsel for representing the Settlement Class, and whether to award Service Awards to the Class Representatives who brought this action on behalf of the Settlement Class. The date and time of this hearing may change without further notice. Please check www.[website].com for updates.

## 19. Do I have to come to the Final Approval Hearing?

No. Class Counsel will answer any questions the Court may have. You may attend at your own expense. If you file an objection, you may, but you do not have to come to the Final Approval Hearing to talk about it. If you file your written objection on time and in accordance with the requirements above, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

## IF YOU DO NOTHING

## 20. What happens if I do nothing at all?

If you are a Settlement Class Member and you do nothing, you will give up your right to start a lawsuit, continue a lawsuit, or be part of any other lawsuit against the Defendant and the Related Entities, as defined in the Settlement Agreement, about the legal issues resolved by this settlement. In addition, you will be bound by the Release in the settlement and not be eligible to receive a settlement payment.

## GETTING MORE INFORMATION

## 21. How do I get more information?

This Notice summarizes the proposed settlement. Complete details are provided in the Settlement Agreement. The Settlement Agreement and other related documents are available at the Settlement Website, www.[website].com.

If you have additional questions or need to update your address, you may contact the Settlement Administrator by phone, or mail at (XXX) XXX-XXXX or *Mayer v. Midwest Physician Administrative Services, LLC,* c/o Kroll Settlement Administration, PO Box XXXX, New York, NY 10150-XXXX.

**PLEASE DO NOT CONTACT THE COURT OR DEFENDANT.**

# EXHIBIT 1-C

\*8307600000000\*

8 3 0 7 6 0 0 0 0 0 0 0 0

| **Your claim must be submitted online or postmarked by:** <br> Month xx, 202x | # CLAIM FORM <br><br> *Mayer v. Midwest Physician Administrative Services, LLC d/b/a Duly Health and Care*, Case No. 1:23-cv-03132 <br> United States District Court, Northern District of Illinois | **MIDW - C** |
|---|---|---|

## GENERAL INSTRUCTIONS

If you logged into the authenticated portion of Duly's website, https://www.dulyhealthandcare.com/, between July 24, 2020, and April 10, 2023, you may submit a claim for a settlement payment. Payments will be distributed *pro rata* (proportional) based on the total number of valid Claim Forms received and the amount remaining in the Settlement Fund after making court-approved deductions.

Please refer to the Long Form Notice posted on the Settlement Website www.[website].com for more information.

### I. PAYMENT SELECTION

If you would like to elect to receive your payment electronically, please visit the Settlement Website and timely file your Claim Form. The Settlement Website includes a step-by-step guide for you to complete the electronic payment option.

### II. SETTLEMENT CLASS MEMBER NAME AND CONTACT INFORMATION

Provide your name and contact information below. You must notify the Settlement Administrator if your contact information changes after you submit this Claim Form.

**First Name** _____  **Last Name** _____

**Address 1** _____

**Address 2** _____

**City** _____  **State** ____ ____  **Zip Code** ___ ___ ___ ___ ___

**Email Address:** _____@_____

**Telephone Number: (** ____ ____ ____ **)** ____ ____ ____ - ____ ____ ____ ____

### III. ATTESTATION & SIGNATURE

I swear and affirm under the laws of my state that the information I have supplied in this Claim Form is true and correct to the best of my recollection, and that this form was executed on the date set forth below.

_____  ____ ____ / ____ ____ / ____ ____ ____ ____
Signature                                                         Date (mm/dd/yyyy)

_____
Print Name

**Reminder:** If your address changes or you need to make a future correction/update to the address you provide on this Claim Form, please visit the Contact section of the Settlement Website at www.[website].com and provide your updated address information. Make sure to include your Class Member ID and your phone number in case we need to contact you in order to complete your request. For more information, visit the Settlement Website or call the Settlement Administrator at (xxx) xxx-xxxx.

# EXHIBIT 1-D

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| PATRICIA MAYER, CATHERINE MASSARELLI, and MARY MURPHY, *individually and on behalf of all others similarly situated*, | |
| | Case No. 1:23-cv-03132 |
| Plaintiffs, | |
| v. | |
| MIDWEST PHYSICIAN ADMINISTRATIVE SERVICES, LLC d/b/a DULY HEALTH AND CARE, | |
| Defendant. | |

## [PROPOSED] PRELIMINARY APPROVAL ORDER

Before the court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and Memorandum in Support (**ECF No. 77)** (the "Motion"), the terms of which are set forth in a Settlement Agreement between Plaintiffs Patricia Mayer, Catherine Massarelli, and Mary Murphy (collectively, "Plaintiffs" and proposed "Class Representatives") and Defendant Midwest Physician Administrative Services, LLC, d/b/a Duly Health and Care ("Defendant" or "Duly"), with accompanying exhibits attached as **Exhibit A** to Plaintiffs' Motion.[1]

Having fully considered the issue, the Court hereby **GRANTS** the Motion and **ORDERS** as follows:

1. **Class Certification for Settlement Purposes Only.**

The Settlement Agreement provides for a Settlement Class defined as follows:

All individuals who logged into the authenticated portion of Duly's Website, https://www.dulyhealthandcare.com/, from July 24, 2020 to April 10, 2023.

---

[1] All defined terms in this Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") have the same meaning as set forth in the Settlement Agreement, unless otherwise indicated.

1

Excluded from the Settlement Class are Defendant, its affiliates, parents, subsidiaries, offices, directors, and the judges presiding over this matter and their clerks.

Pursuant to Federal Rule of Civil Procedure 23(e)(1), the Court finds that giving notice is justified. The Court finds that it will likely be able to approve the Proposed Settlement as fair, reasonable, and adequate. The Court also finds that it will likely be able to certify the Settlement Class for purposes of judgment on the Settlement because it meets all of the requirements of Rule 23(a) and the requirements of Rule 23(b)(3).

Specifically, the Court finds for settlement purposes that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact that are common to the Settlement Class; (c) the claims of the Class Representatives are typical of and arise from the same operative facts and the Class Representatives seek similar relief as the claims of the Settlement Class Members; (d) the Class Representatives will fairly and adequately protect the interests of the Settlement Class as the Class Representatives have no interests antagonistic or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this Litigation on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this Litigation.

2. **Settlement Class Representatives and Settlement Class Counsel.**

The Court finds that Plaintiffs will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as the Class Representatives. Additionally, the Court finds that the law firms of Almeida Law Group LLC and Stephan Zouras LLC will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as Class Counsel pursuant to Rule 23(g)(1).

3. **Preliminary Settlement Approval.**

Upon preliminary review, the Court finds the Settlement is fair, reasonable, and adequate to warrant providing notice of the Settlement to the Settlement Class and accordingly is preliminarily approved. In making this determination, the Court has considered the monetary and non-monetary benefits provided to the Settlement Class through the Settlement, the specific risks faced by the Settlement Class in prevailing on their claims, the good faith, arms' length negotiations between the Parties and absence of any collusion in the Settlement, the effectiveness of the proposed method for distributing relief to the Settlement class, the proposed manner of allocating benefits to Settlement Class Members, that the Settlement treats the Settlement Class Members equitably, and all of the other factors required by Rule 23 and relevant case law.

4. **Jurisdiction.**

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) and personal jurisdiction over the parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391 (a) through (d).

5. **Final Approval Hearing**.

A Final Approval Hearing shall be held on _____, 2025, at 219 South Dearborn Street, Chicago, IL 60604, Courtroom 1725, where the Court will determine, among other things, whether: (a) this Litigation should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(a) and (b)(3); (b) the Settlement should be approved as fair, reasonable, and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e); (c) this Litigation should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members (who have not timely and validly excluded themselves from the Settlement) should be bound by the releases set forth in this Settlement Agreement; (e) the

application of Class Counsel for an award of Attorneys' Fees, Costs, and Expenses should be approved pursuant to Fed. R. Civ. P. 23(h); and (f) the application of the Class Representatives for a Service Award Should be Approved.

6. **Claims Administrator**.

The Court appoints Kroll Settlement Administration, LLC as the Claims Administrator, with responsibility for class notice and settlement administration. The Claims Administrator is directed to perform all tasks the Settlement Agreement requires. The Claims Administrator's fees will be paid to the terms of the Settlement Agreement.

7. **Notice**.

The proposed notice program set forth in the Settlement Agreement and Claim Form and the Notices attached to the Settlement Agreement are hereby approved. Non-material modifications to the Notices may be made by the Claims Administrator in consultation and agreement with the Parties without further order of the Court.

8. **Findings Concerning Notice**.

The Court finds that the proposed form, content, and method of giving Notice to the Settlement Class as described in the Notice program and the Settlement Agreement and its exhibits: (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation, the terms of the proposed Settlement, and their rights under the proposed Settlement, including, but not limited to, their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; (d) meet all applicable requirements of law, including Federal Rule of

Civil Procedure 23(c); and (e) and meet the requirements of the Due Process Clause(s) of the United States and Illinois Constitutions. The Court further finds that the Notice provided for in the Settlement Agreement is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

The Claims Administrator is directed to carry out the Notice program in conformance with the Settlement Agreement.

9. **<u>Exclusions from Class</u>**.

Any Settlement Class Member who wishes to be excluded from the Settlement Class must individually sign and timely submit written notice of such intent to the designated postal address established by the Settlement Administrator. The written notice must clearly manifest the Settlement Class Member's intent to be excluded from the Settlement Class, which intent shall be determined by the Settlement Administrator. Settlement class members may only opt-out on behalf of themselves; each and every Settlement Class Member desiring to opt-out of the Settlement must separately comply with these requirements. To be effective, such requests for exclusion must be postmarked no later than the Opt-Out Date, which is no later than sixty (60) days from the date on which the notice program commences, and as stated in the Notice. The Claims Administrator shall promptly furnish to Class Counsel and to Defendant's counsel a complete list of all timely and valid requests for exclusion (the "Opt-Out List").

If a Final Order and Judgment is entered, all Persons falling within the definition of the Settlement Class who do not request to be excluded from the Settlement Class shall be bound by the terms of this Settlement Agreement and the Final Order and Judgment. All Persons who submit valid and timely notices of their intent to be excluded from the Settlement Class shall not receive any cash benefits of and/or be bound by the terms of the Settlement Agreement.

10. **Objections and Appearances**.

A Settlement Class Member (who does not submit a timely written request for exclusion) desiring to object to the Settlement Agreement may submit a timely written notice of his or her objection by the Objection Date and as stated in the Notice. The Long Form Notice and the Settlement Website shall instruct Settlement Class Members who wish to object to the Settlement Agreement to send their written objections to the Claims Administrator at the address indicated in the Long Notice. The Notice shall advise Settlement Class Members of the deadline for submission of any objections—the "Objection Date"—which shall be no later than sixty (60) days after the Notice Date.

Any such notices of an intent to object to the Settlement Agreement must be written and must include all of the following: (i) set forth the Settlement Class Member's full name, current address, telephone number and email address; (ii) contain the Settlement Class Member's original signature; (iii) contain proof that the Settlement Class Member is a member of the Settlement Class (e.g., copy of settlement notice); (iv) state that the Settlement Class Member objects to the Settlement, in whole or in part; (v) set forth a statement of the legal and factual basis for the Objection; (vi) provide copies of any documents that the Settlement Class Member wishes to submit in support of his/her position; (vii) identify all counsel representing the Settlement Class Member, if any; (viii) contain the signature of the Settlement Class Member's duly authorized attorney or other duly authorized representative, along with documentation setting forth such representation; and (ix) contain a list, including case name, court and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement in the past three (3) years.

Any Settlement Class Member who fails to comply with the requirements for objecting shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement, and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Litigation. The provisions stated in Section VI of the Settlement Agreement shall be the exclusive means for any challenge to the Settlement Agreement. Any challenge to the Settlement Agreement, the final order approving this Settlement Agreement, or the Final Order and Judgment to be entered upon final approval shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

11. **Claims Process**.

Settlement Class Counsel and Defendant have created a process for Settlement Class Members to claim benefits under the Settlement. The Court preliminarily approves this process and directs the Claims Administrator to make the Claim Form or its substantial equivalent available to Settlement Class Members in the manner specified in the Notice.

The Claims Administrator will be responsible for effectuating the claims process. Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirement and procedures specified in the Notice and the Claim Form. If the Final Order and Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Final Order and Judgment, including the releases contained therein.

12. **<u>Termination of Settlement</u>**.

Pursuant to Section XI of the Settlement Agreement, this Preliminary Approval Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing before the Court entered this Preliminary Approval Order and before they entered the Settlement Agreement, if one of the Parties elects to terminate the Settlement Agreement because: (a) the Court denies preliminary approval of the Settlement Agreement; (b) the Court denies final approval of the Settlement Agreement; (c) the Final Approval Order and Final Judgment do not become final by reason of a higher court reversing final approval by the Court, and the Court thereafter declines to enter a further order or orders approving the settlement of the terms set forth in the Settlement Agreement; or (d) the effective date cannot occur. If a Party elects to terminate this Settlement Agreement under Section XI of the Settlement Agreement, that Party must provide written notice to the other Party's counsel, by hand delivery, mail or e-mail within ten (10) days of the occurrence of the condition permitting termination.

If this Settlement Agreement is terminated or disapproved or if the Effective Date should not occur for any reason, then: (i) the Settlement Agreement, the Preliminary Approval Order, the Final Approval Order (if applicable), and all of their provisions shall be rendered null and void; (ii) all Parties shall be deemed to have reverted to their respective status in the Litigation as of the date and time immediately preceding the execution of this Settlement Agreement; (iii) except as otherwise expressly provided, the Parties shall stand in the same position and shall proceed in all respects as if this Settlement Agreement and any related orders had never been executed, entered into or filed; and (iv) no term or draft of this Settlement Agreement nor any part of the Parties' settlement discussions, negotiations or documentation (including any declaration or brief filed in

support of the motion for preliminary approval or motion for final approval), nor any rulings regarding class certification for settlement purposes (including the Preliminary Approval Order and, if applicable, the Final Approval Order and Final Judgment), will have any effect or be admissible into evidence for any purpose in the Litigation or any other proceeding.

13. **Use of Order**.

This Preliminary Approval Order shall be of no force or effect if the Final Order and Judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability. Nor shall this Preliminary Approval Order be construed or used as an admission, concession, or declaration by or against the Class Representatives or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claims they may have in this Litigation or in any other lawsuit.

14. **Continuance of Hearing**.

The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website maintained by the Administrator. The Court may approve the Settlement, with such modifications as may be agreed upon by the Parties, if appropriate, without further notice to the Settlement Class.

15. **Stay of Litigation**.

All proceedings in the Litigation, other than those related to approval of the Settlement Agreement, are hereby stayed. Further, any actions brought by Settlement Class Members

concerning the Released Claims are hereby enjoined and stayed pending Final Approval of the Settlement Agreement.

16. **Schedule and Deadlines**.

The Court orders the following schedule of dates:

**SETTLEMENT TIMELINE**

| EVENT | DATE |
|---|---|
| Defendant to Pay $150,000 into Settlement Fund | 15 Days after Entry of Preliminary Approval Order, Assuming Information Provided |
| Defendant to Provide list of Settlement Class Members to Settlement Administrator | 30 Days after Entry of Preliminary Approval Order |
| Settlement Administrator to Establish Settlement Website | No Later than 45 Days after Entry of Preliminary Approval Order |
| ***Notice Date.*** Settlement Administrator to Begin Sending Notice to Settlement Class Members | 45 Days after Entry of Preliminary Approval Order |
| Class Counsel to File Application for Attorneys' Costs, Expenses, and Fees & Service Award | 14 Days before Opt-Out & Objection Deadlines |
| Opt-Out & Objection Deadlines | 60 Days after Notice Date |
| Claims Deadline | 60 Days after Notice Date |
| Settlement Administrator to provide Affidavit or Declaration Regarding Notice Program | 75 Days after Notice Date |
| Class Counsel to file Motion for Final Approval | 14 Days before Final Approval Hearing |
| Final Approval Hearing | No Earlier than 120 Days after Entry of Preliminary Approval Order |
| ***Effective Date.*** | 31 Days after Court grants Final Approval, Assuming no Appeals Filed |
| Defendant to pay $1,730,000 into Settlement Fund | 15 Days after Effective Date |

| | |
|---|---|
| Settlement Administrator to distribute the Attorneys' Costs, Expenses, and Fees, the Service Award, & the Claims Payments | 30 Days after Effective Date |
| Settlement Administrator to take down Settlement Website | 120 Days after Effective Date |

SO ORDERED THIS _____ DAY OF _____, 2025.


_____

Hon. April M. Perry
United States District Court Judge