UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PATRICIA MAYER, CATHERINE MASSARELLI, and MARY MURPHY, *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>MIDWEST PHYSICIAN ADMINISTRATIVE SERVICES, LLC d/b/a DULY HEALTH AND CARE,<br><br>Defendant. | Case No. 1:23-cv-03132 |

**PRELIMINARY APPROVAL ORDER**

Before the court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and Memorandum in Support (**ECF No. 77)** (the "Motion"), the terms of which are set forth in a Settlement Agreement between Plaintiffs Patricia Mayer, Catherine Massarelli, and Mary Murphy (collectively, "Plaintiffs" and proposed "Class Representatives") and Defendant Midwest Physician Administrative Services, LLC, d/b/a Duly Health and Care ("Defendant" or "Duly"), with accompanying exhibits attached as **Exhibit A** to Plaintiffs' Motion.[1]

Having fully considered the issue, the Court hereby **GRANTS** the Motion and **ORDERS** as follows:

1. **Class Certification for Settlement Purposes Only.**

The Settlement Agreement provides for a Settlement Class defined as follows:

All individuals who logged into the authenticated portion of Duly's Website, https://www.dulyhealthandcare.com/, from July 24, 2020 to April 10, 2023.

---

[1] All defined terms in this Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") have the same meaning as set forth in the Settlement Agreement, unless otherwise indicated.

1

Excluded from the Settlement Class are Defendant, its affiliates, parents, subsidiaries, offices, directors, and the judges presiding over this matter and their clerks.

Pursuant to Federal Rule of Civil Procedure 23(e)(1), the Court finds that giving notice is justified. The Court finds that it will likely be able to approve the Proposed Settlement as fair, reasonable, and adequate. The Court also finds that it will likely be able to certify the Settlement Class for purposes of judgment on the Settlement because it meets all of the requirements of Rule 23(a) and the requirements of Rule 23(b)(3).

Specifically, the Court finds for settlement purposes that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact that are common to the Settlement Class; (c) the claims of the Class Representatives are typical of and arise from the same operative facts and the Class Representatives seek similar relief as the claims of the Settlement Class Members; (d) the Class Representatives will fairly and adequately protect the interests of the Settlement Class as the Class Representatives have no interests antagonistic or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this Litigation on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this Litigation.

2. **Settlement Class Representatives and Settlement Class Counsel.**

The Court finds that Plaintiffs will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as the Class Representatives. Additionally, the Court finds that the law firms of Almeida Law Group LLC and Stephan Zouras LLC will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as Class Counsel pursuant to Rule 23(g)(1).

3. **Preliminary Settlement Approval.**

Upon preliminary review, the Court finds the Settlement is fair, reasonable, and adequate to warrant providing notice of the Settlement to the Settlement Class and accordingly is preliminarily approved. In making this determination, the Court has considered the monetary and non-monetary benefits provided to the Settlement Class through the Settlement, the specific risks faced by the Settlement Class in prevailing on their claims, the good faith, arms' length negotiations between the Parties and absence of any collusion in the Settlement, the effectiveness of the proposed method for distributing relief to the Settlement class, the proposed manner of allocating benefits to Settlement Class Members, that the Settlement treats the Settlement Class Members equitably, and all of the other factors required by Rule 23 and relevant case law.

4. **Jurisdiction.**

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) and personal jurisdiction over the parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391 (a) through (d).

5. **Final Approval Hearing**.

A Final Approval Hearing shall be held on April 7, 2026, at 10:00 a.m. at 219 South Dearborn Street, Chicago, IL 60604, Courtroom 1725, where the Court will determine, among other things, whether: (a) this Litigation should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(a) and (b)(3); (b) the Settlement should be approved as fair, reasonable, and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e); (c) this Litigation should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members (who have not timely and validly excluded themselves from the Settlement) should be bound by the releases set forth in this Settlement Agreement; (e) the

application of Class Counsel for an award of Attorneys' Fees, Costs, and Expenses should be approved pursuant to Fed. R. Civ. P. 23(h); and (f) the application of the Class Representatives for a Service Award Should be Approved.

6. **Claims Administrator**.

The Court appoints Kroll Settlement Administration, LLC as the Claims Administrator, with responsibility for class notice and settlement administration. The Claims Administrator is directed to perform all tasks the Settlement Agreement requires. The Claims Administrator's fees will be paid to the terms of the Settlement Agreement.

7. **Notice**.

The proposed notice program set forth in the Settlement Agreement and Claim Form and the Notices attached to the Settlement Agreement are hereby approved. Non-material modifications to the Notices may be made by the Claims Administrator in consultation and agreement with the Parties without further order of the Court.

8. **Findings Concerning Notice**.

The Court finds that the proposed form, content, and method of giving Notice to the Settlement Class as described in the Notice program and the Settlement Agreement and its exhibits: (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation, the terms of the proposed Settlement, and their rights under the proposed Settlement, including, but not limited to, their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; (d) meet all applicable requirements of law, including Federal Rule of

4

Civil Procedure 23(c); and (e) and meet the requirements of the Due Process Clause(s) of the United States and Illinois Constitutions. The Court further finds that the Notice provided for in the Settlement Agreement is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

The Claims Administrator is directed to carry out the Notice program in conformance with the Settlement Agreement.

9. **Exclusions from Class**.

Any Settlement Class Member who wishes to be excluded from the Settlement Class must individually sign and timely submit written notice of such intent to the designated postal address established by the Settlement Administrator. The written notice must clearly manifest the Settlement Class Member's intent to be excluded from the Settlement Class, which intent shall be determined by the Settlement Administrator. Settlement class members may only opt-out on behalf of themselves; each and every Settlement Class Member desiring to opt-out of the Settlement must separately comply with these requirements. To be effective, such requests for exclusion must be postmarked no later than the Opt-Out Date, which is no later than sixty (60) days from the date on which the notice program commences, and as stated in the Notice. The Claims Administrator shall promptly furnish to Class Counsel and to Defendant's counsel a complete list of all timely and valid requests for exclusion (the "Opt-Out List").

If a Final Order and Judgment is entered, all Persons falling within the definition of the Settlement Class who do not request to be excluded from the Settlement Class shall be bound by the terms of this Settlement Agreement and the Final Order and Judgment. All Persons who submit valid and timely notices of their intent to be excluded from the Settlement Class shall not receive any cash benefits of and/or be bound by the terms of the Settlement Agreement.

10. **Objections and Appearances**.

A Settlement Class Member (who does not submit a timely written request for exclusion) desiring to object to the Settlement Agreement may submit a timely written notice of his or her objection by the Objection Date and as stated in the Notice. The Long Form Notice and the Settlement Website shall instruct Settlement Class Members who wish to object to the Settlement Agreement to send their written objections to the Claims Administrator at the address indicated in the Long Notice. The Notice shall advise Settlement Class Members of the deadline for submission of any objections—the "Objection Date"—which shall be no later than sixty (60) days after the Notice Date.

Any such notices of an intent to object to the Settlement Agreement must be written and must include all of the following: (i) set forth the Settlement Class Member's full name, current address, telephone number and email address; (ii) contain the Settlement Class Member's original signature; (iii) contain proof that the Settlement Class Member is a member of the Settlement Class (e.g., copy of settlement notice); (iv) state that the Settlement Class Member objects to the Settlement, in whole or in part; (v) set forth a statement of the legal and factual basis for the Objection; (vi) provide copies of any documents that the Settlement Class Member wishes to submit in support of his/her position; (vii) identify all counsel representing the Settlement Class Member, if any; (viii) contain the signature of the Settlement Class Member's duly authorized attorney or other duly authorized representative, along with documentation setting forth such representation; and (ix) contain a list, including case name, court and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement in the past three (3) years.

Any Settlement Class Member who fails to comply with the requirements for objecting shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement, and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Litigation. The provisions stated in Section VI of the Settlement Agreement shall be the exclusive means for any challenge to the Settlement Agreement. Any challenge to the Settlement Agreement, the final order approving this Settlement Agreement, or the Final Order and Judgment to be entered upon final approval shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

11. **Claims Process**.

Settlement Class Counsel and Defendant have created a process for Settlement Class Members to claim benefits under the Settlement. The Court preliminarily approves this process and directs the Claims Administrator to make the Claim Form or its substantial equivalent available to Settlement Class Members in the manner specified in the Notice.

The Claims Administrator will be responsible for effectuating the claims process. Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirement and procedures specified in the Notice and the Claim Form. If the Final Order and Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Final Order and Judgment, including the releases contained therein.

12. **Termination of Settlement**.

Pursuant to Section XI of the Settlement Agreement, this Preliminary Approval Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing before the Court entered this Preliminary Approval Order and before they entered the Settlement Agreement, if one of the Parties elects to terminate the Settlement Agreement because: (a) the Court denies preliminary approval of the Settlement Agreement; (b) the Court denies final approval of the Settlement Agreement; (c) the Final Approval Order and Final Judgment do not become final by reason of a higher court reversing final approval by the Court, and the Court thereafter declines to enter a further order or orders approving the settlement of the terms set forth in the Settlement Agreement; or (d) the effective date cannot occur. If a Party elects to terminate this Settlement Agreement under Section XI of the Settlement Agreement, that Party must provide written notice to the other Party's counsel, by hand delivery, mail or e-mail within ten (10) days of the occurrence of the condition permitting termination.

If this Settlement Agreement is terminated or disapproved or if the Effective Date should not occur for any reason, then: (i) the Settlement Agreement, the Preliminary Approval Order, the Final Approval Order (if applicable), and all of their provisions shall be rendered null and void; (ii) all Parties shall be deemed to have reverted to their respective status in the Litigation as of the date and time immediately preceding the execution of this Settlement Agreement; (iii) except as otherwise expressly provided, the Parties shall stand in the same position and shall proceed in all respects as if this Settlement Agreement and any related orders had never been executed, entered into or filed; and (iv) no term or draft of this Settlement Agreement nor any part of the Parties' settlement discussions, negotiations or documentation (including any declaration or brief filed in

8

support of the motion for preliminary approval or motion for final approval), nor any rulings regarding class certification for settlement purposes (including the Preliminary Approval Order and, if applicable, the Final Approval Order and Final Judgment), will have any effect or be admissible into evidence for any purpose in the Litigation or any other proceeding.

13. **Use of Order**.

This Preliminary Approval Order shall be of no force or effect if the Final Order and Judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability. Nor shall this Preliminary Approval Order be construed or used as an admission, concession, or declaration by or against the Class Representatives or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claims they may have in this Litigation or in any other lawsuit.

14. **Continuance of Hearing**.

The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website maintained by the Administrator. The Court may approve the Settlement, with such modifications as may be agreed upon by the Parties, if appropriate, without further notice to the Settlement Class.

15. **Stay of Litigation**.

All proceedings in the Litigation, other than those related to approval of the Settlement Agreement, are hereby stayed. Further, any actions brought by Settlement Class Members

9

concerning the Released Claims are hereby enjoined and stayed pending Final Approval of the Settlement Agreement.

16. **Schedule and Deadlines**.

The Court orders the following schedule of dates:

### SETTLEMENT TIMELINE

| EVENT | DATE |
|---|---|
| Defendant to Pay $150,000 into Settlement Fund | 15 Days after Entry of Preliminary Approval Order, Assuming Information Provided |
| Defendant to Provide list of Settlement Class Members to Settlement Administrator | 30 Days after Entry of Preliminary Approval Order |
| Settlement Administrator to Establish Settlement Website | No Later than 45 Days after Entry of Preliminary Approval Order |
| *Notice Date*. Settlement Administrator to Begin Sending Notice to Settlement Class Members | 45 Days after Entry of Preliminary Approval Order |
| Class Counsel to File Application for Attorneys' Costs, Expenses, and Fees & Service Award | 14 Days before Opt-Out & Objection Deadlines |
| Opt-Out & Objection Deadlines | 60 Days after Notice Date |
| Claims Deadline | 60 Days after Notice Date |
| Settlement Administrator to provide Affidavit or Declaration Regarding Notice Program | 75 Days after Notice Date |
| Class Counsel to file Motion for Final Approval | 14 Days before Final Approval Hearing |
| Final Approval Hearing | No Earlier than 120 Days after Entry of Preliminary Approval Order |
| *Effective Date*. | 31 Days after Court grants Final Approval, Assuming no Appeals Filed |
| Defendant to pay $1,730,000 into Settlement Fund | 15 Days after Effective Date |

| | |
|---|---|
| Settlement Administrator to distribute the Attorneys' Costs, Expenses, and Fees, the Service Award, & the Claims Payments | 30 Days after Effective Date |
| Settlement Administrator to take down Settlement Website | 120 Days after Effective Date |

SO ORDERED THIS 17TH DAY OF NOVEMBER, 2025.

*April M Perry*
_____

Hon. April M. Perry
United States District Court Judge

11